No. 25111.

PAUL HILST *v.* JUDGE CHARLES E. BENNETT, THE SUPERIOR COURT OF THE CITY AND COUNTY OF DENVER, THEODORE J. SOJA, CLERK OF SAID SUPERIOR COURT, GEORGENE SANCHEZ AND GEORGE CANJAR, MANAGER OF SAFETY AND EXCISE FOR SAID CITY AND COUNTY.

(485 P.2d 880)

Decided June 7, 1971.

John A. Kintzele, for petitioner.

Harley W. Shaver, for respondents, Judge Bennett and Georgene Sanchez.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an original proceeding in which petitioner seeks a Writ of Prohibition directed to the Superior Court of the City and County of Denver. The facts relevant to our disposition of this proceeding are as follows:

On November 13, 1970, Respondent Georgene Sanchez was awarded a judgment in superior court against the Peacock Tavern and Restaurant, Inc. in the amount of $4,730 (*Sanchez v. Peacock Tavern and Restaurant et al.* Denver Superior Court No. S-62190).

Subsequently, on December 23, 1970, in Denver District

Court, Petitioner herein Paul Hilst was awarded a judgment of $16,101.30 against Peacock Tavern and Restaurant (*Colfax National Bank and Paul J. Hilst v. Peacock Tavern and Restaurant, et al.* Denver District Court No. C-17845). This latter judgment was awarded on the basis of a note executed in 1969 and secured by a "Security Agreement and Financing Statement" filed with the Secretary of State pursuant to the provisions of Article 9 of the Uniform Commercial Code (1965 Perm. Supp., 1963 C.R.S. 155-9-101 *et seq.*). The collateral listed for the loan by the security agreement (which was perfected as provided for by the U.C.C. by petitioner Hilst on June 9, 1969) was as follows:

"All issued stock of Peacock Tavern and Restaurant, Inc. Lease on premises at 4500 Washington Street, Denver, Colorado, Liquor License for 4500 Washington Street, Denver, Colorado, all furniture, fixtures and Bar and Restaurant located on premises. * * *"

The district court, in awarding judgment to Hilst in the amount of $16,101.30, provided, *inter alia,* as follows:

"IT IS FURTHER ORDERED that Defendants Irwin Kass, Fannie Kass, and Hilda Kass on January 4, 1971, assign, transfer, and convey to Plaintiff Paul J. Hilst all right, title and interest to the Fifty Thousand shares of stocks in the Defendant Peacock Tavern and Restaurant, Inc., to Plaintiff Paul J. Hilst, and to deliver to said Paul J. Hilst properly executed stock certificates conveying and transferring to said Paul J. Hilst the Fifty Thousand shares of stock in Defendant Peacock Tavern and Restaurant, Inc.

IT IS FURTHER ORDERED that all books, records, and papers of the Defendant Peacock Tavern and Restaurant, Inc., be transferred and delivered to Plaintiff Paul J. Hilst.

IT IS FURTHER ORDERED that Defendant Irwin Kass, as an individual, d/b/a Peacock Tavern and Restaurant, and as president of Peacock Tavern and Restaurant, Inc., execute in writing an agreement wherein and whereby

he assigns, transfers, and conveys to Plaintiff Paul J. Hilst, all right, title, and interest that he presently has or may have in the future in and to any and all insurance proceeds due and owing Irwin Kass individually or Irwin Kass d/b/a Peacock Tavern and Restaurant as a result of a fire which occurred on or about the premises at 4500 Washington Street, Denver, Colorado, on or about April 26, 1970, and in which said agreement Defendant Irwin Kass agrees to sign and execute all papers, drafts, releases, proofs of loss, or any other document or instrument necessary to collect the aforesaid insurance proceeds."

On January 22, 1971, Respondent Sanchez instituted ancillary proceedings in the superior court in aid of judgment pursuant to Rule 69.

After hearing, the superior court entered what is denominated by it as a preliminary injunction enjoining Hilst from transferring, assigning or subletting the leasehold, and also enjoining the Manager of Safety of the City and County of Denver from approving or issuing a liquor license transferred to any third party. The court also ordered Hilst to post bond to secure payment of the Sanchez judgment as a condition for the release of a temporary injunction.

Hilst brought this proceeding challenging the jurisdiction of the court to enter a preliminary injunction and to require bond to secure the Sanchez judgment. We issued a rule to show cause and the matter is now at issue.

Addressing ourselves first to the portion of the injunction against the Manager of Safety, we note that he did not appear in court, nor did he appear in this proceeding; he was therefore made an involuntary respondent. We hold that the superior court did not have, by injunctive proceedings or any other court order, jurisdiction to interfere with the functions of the Manager of Safety in his capacity as the Denver liquor licensing authority. The statutes give the liquor licensing au-

thority the exclusive jurisdiction in the matter of issuing, transferring or revocation of a liquor license (C.R.S. 1963, 75-2-9 *et seq.*). The license issued to the corporation is not transferable except upon order of the Manager after hearings as provided by law. His actions are subject to judicial review, but until he has exercised his authority, the courts do not have jurisdiction to interfere with the administrative authority vested in the Manager. *See generally Shoenberg Farms, Inc. v. People ex rel. Swisher,* 166 Colo. 199, 444 P.2d 277 (1968).

With respect to the other portions of the order, the leasehold was not assigned or transferred to Hilst by the court decree and although enumerated in the security agreement, was not subject to the provisions of the U.C.C., C.R.S. 1963, 155-9-104(j).

Turning next to the order for posting of bond, in ancillary proceedings in aid of execution on a judgment there is no jurisdiction in the courts to require a creditor to post a bond to secure payment of the judgment. As indicated above, the assets of this tavern were pledged as security for the $16,300 loan made to the Peacock Tavern. The court order placed the judgment ahead of the secured creditor and relegated his debt to a secondary status.

The Uniform Commercial Code provides:

"155-9-310. *Priority of certain liens arising by operation of law.* — When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services does not take priority over a perfected security interest unless a statute expressly provides otherwise."

Section 155-9-102 *Policy and Scope of Article* states: "This article applies so far as concerns any personal property and fixtures within the jurisdiction of this state * * *."

The court cannot through ancillary proceedings

place a judgment creditor in a better or more favorable position than he would be in if levy were made upon the property.

The rule is made absolute.

MR. JUSTICE LEE not participating.