517 P.2d 419 (1973)
The COLORADO COLLEGE et al., Plaintiffs-Appellees,
v.
John H. HECKERS, as Executive Director of the Department of Revenue of the State of Colorado, Defendant-Appellant.
No. 72-359.
Colorado Court of Appeals, Div. II.
December 18, 1973.
*420 Henry, Cockrell, Quinn & Creighton, Victor Quinn, Denver, for plaintiffs-appellees.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Bernard S. Kamine, Asst. Atty. Gen., Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
Defendant appeals from a declaratory judgment which ruled that plaintiffs are not required to collect sales tax on the meals sold in their snack bars and student unions. Defendant also seeks reversal of the trial court's injunction against promulgating or enforcing any rules or regulations in conflict with its decree.
The statute, C.R.S.1963, 138-5-4(1)(f), levies a sales tax as follows:
"Upon the amount paid for all meals and cover charges, if any, furnished in any restaurant, eating house, hotel, drug store, club, resort or other such place at which meals or food are regularly sold to the public." (emphasis added).
In 1968, defendant, by a series of letters, rescinded prior regulations and rulings of the Department of Revenue which provided that certain meals served by plaintiffs were not subject to Colorado sales tax. Thereafter, defendant promulgated a regulation which imposed a sales tax on all charges for foods sold in restaurants, cafeterias, snack bars, and dormitories operated by public or private higher educational institutions in the state. The regulation carried an effective date of June 1, 1970. On March 16, 1970, plaintiffs filed suit seeking a declaratory judgment that the food sold in dormitories and snack bars operated on their premises was not subject to the sales tax imposed by C.R.S.1963, 138-5-4(1)(f), and they sought to enjoin defendant from assessing taxes against them on account of such sales.
The underlying facts are not disputed. Each of the plaintiffs is a proprietor of a private college or university in the state of Colorado. Each plaintiff operates a student union or snack bar and these facilities have certain common features. In all cases the facilities are located within buildings on the college campus and have no exterior advertising. All of the facilities serve sandwiches, soft drinks, and coffee. In addition, some of the facilities serve 3.2 beer and some serve complete meals. Some of the facilities are operated directly by the college or university and others are operated by independent concessionaires. The patrons of the facilities consist almost entirely of students, faculty, and staff of the institutions, and their guests. However, no identification is required to purchase food at these facilities. Although the plaintiffs do not encourage public use of the facilities, there is no limitation placed upon public access to the student unions and snack bars.
After trial of the matter, the trial court concluded that plaintiffs' dormitories and student unions were not places where meals or food are regularly sold to the public and that, therefore, the statute levies no tax upon meals or food sold in such places. In addition, the trial court expressly enjoined defendant from promulgating or enforcing any rules or regulations in conflict with its decree.
On appeal, the defendant contends, (1) that the trial court erred as a matter of *421 law in its conclusion that the statute levies no tax upon the food and meals served in plaintiffs' snack bars and student unions, and (2) that the injunction is an improper interference by the court in the discretionary operations of the executive branch and constitutes an abuse of discretion.

I.
Defendant argues that since there is unrestricted public access to the facilities, food sold therein comes within the ambit of the statute. We disagree.
An examination of the statute reveals that public access is not the dispositive factor in determining whether it applies to food sold in snack bars and student unions operated on plaintiffs' premises. The question is not whether the public has access to the student unions or snack bars, but, rather, whether the facilities serve food or meals to the public on a regular basis. The mere possibility of sales to the public does not compel the inference that such sales actually take place. At best, the evidence introduced at trial establishes that sales are occasionally made to the public. However, the statute does not apply in such cases because the word "regular" suggests continuity and consistency of occurrence and excludes the idea of incidental, occasional or casual sales to the public. Comptroller of Treasury v. M. E. Rockhill, Inc., 205 Md. 226, 107 A.2d 93. Absent any showing that members of the public regularly purchase food or meals at plaintiffs' facilities, plaintiffs' operations are not subject to a sales tax.
Moreover, the nature of the various facilities enumerated in the statute suggests a legislative intent to impose a tax upon meals or food sold by public-oriented commercial establishments. All the businesses specifically designated as being subject to the tax are establishments ordinarily commercial in nature, and the inclusion of the word "such" in the phrase "other such place" reveals a legislative intent to limit the general clause of the statute to establishments of a similar type. Here, the testimony established, and the trial court found, that the student union and snack bar operations were incidental to the educational functions of the institutions and the facilities were operated as a convenience for the students and staff.
Defendant considers Bennetts, Inc. v. Carpenter, 111 Colo. 63, 137 P.2d 780, as dispositive. However, that case offers little guidance for the instant case. There, the cafeteria involved was located in a manufacturing plant and was a commercial establishment operated for profit. The Bennetts case illustrates that a commercial establishment which serves a large number of persons may come within the terms of the statute even though there are restrictions upon public access, but it does not apply where there is only occasional public use of a non-profit facility operated in connection with an educational institution.
Therefore, the trial court correctly held that C.R.S.1963, 138-5-4(1)(f), does not operate to levy a sales tax upon meals or food sold by plaintiffs in their snack bars or student unions. Accord, Wellesley College v. Attorney General, 313 Mass. 722, 49 N.E.2d 220.

II.
In its decree, the trial court ruled that the regulations issued by defendant are invalid and enjoined defendant from enforcing those regulations. In addition, the trial court enjoined defendant from promulgating or enforcing any new rules, regulations or directions in conflict with its decree. Defendant contends that the injunction against promulgating new regulations constitutes an improper interference with the functioning of the executive branch of government. We agree.
Contrary to plaintiffs' contention, the issue of the propriety of the injunction was raised in the motion for new trial and thus is properly before us.
C.R.S. 1963, 138-5-31, vests administration of the taxation statutes in defendant and authorizes him to promulgate the necessary rules and regulations to carry out that administration. In deference *422 to the tripartite structure of our government, our courts have repeatedly recognized that a trial court may not interfere with the officers of the executive branch of government whose duties are imposed by statute. Colorado Department of Revenue v. District Court, 172 Colo. 144, 470 P.2d 864; Frost v. Thomas, 26 Colo. 222, 56 P. 899. The defendant's actions are subject to judicial review, but until he has exercised his authority, the courts may not interfere with the administrative authority vested in him. Hilst v. Bennett, 175 Colo. 78, 485 P.2d 880. Accordingly, we conclude that the trial court's injunction prohibiting defendant from promulgating new rules and regulations must be dissolved.
The judgment is affirmed in part, reversed in part, and the cause is remanded with directions to dissolve the injunction prohibiting defendant from promulgating new rules and regulations.
PIERCE and SMITH, JJ., concur.