No. 23448.

THE PEOPLE OF THE STATE OF COLORADO EX REL. JOHN P. ORCUTT, COMMISSIONER OF AGRICULTURE FOR THE STATE OF COLORADO *v.* THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER; THE HONORABLE EDWARD J. KEATING, DISTRICT JUDGE; SHOENBERG FARMS, INC., A COLORADO CORPORATION; ROCKY MOUNTAIN DAIRY PRODUCTS, INC., A COLORADO CORPORATION; AND EDWARD P. TEPPER.

(445 P.2d 887)

Decided October 21, 1968.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT MILLER, Assistant, RUSSELL P. KRAMER, Special Assistant, for petitioner.

CREAMER & CREAMER, GEORGE CREAMER, RONALD ZALL, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

■ This is an original proceeding. The question to be determined is: Whether the district court had jurisdiction under R.C.P. Colo. 106 to prohibit the Commissioner of Agriculture from conducting an administrative hearing authorized by pertinent statutes commonly referred to as the Agricultural Marketing Act. We answer the question in the negative.

Shoenberg Farms, Inc., Rocky Mountain Dairy Products, Inc. and Edward P. Tepper, President and principal officer of the two corporations, to whom we will refer as the respondents, obtained a writ of prohibition from the Denver district court to stop a scheduled hearing involving respondents' refusal to comply with certain milk marketing orders issued by the Commissioner. The district court's *ex parte* order commanded the Commissioner to show cause why the proceedings pending before him should not be dismissed and why he should not be prohibited from further proceedings. The Commissioner was also ordered to certify the record before him to the district court.

Alleging that the district court is without jurisdiction

to interfere with the Commissioner in the exercise of his statutory duties in conducting hearings on complaints filed before him, the Commissioner sought a writ of prohibition out of this court commanding the district court and the respondents to show cause why the district court should not be prohibited from staying the scheduled proceedings before the Commissioner. The writ was issued, to which the district court and the respondents have replied, and the matter is now at issue.

▮ C.R.S. 1963, 7-3-16, and C.R.S. 1963, 7-3-19, confer upon the Commissioner the responsibility for the administration and enforcement of the Agricultural Marketing Act and marketing orders issued thereunder, and authorize the Commissioner to hold hearings and seek judicial enforcement of his orders. The Commissioner issued and made effective October 3, 1963 a milk marketing order bearing Docket No. A 20, which was amended and reissued on August 18, 1965. This marketing order provided in part that the cost of administration and operation of the order would be financed by assessments to handlers of milk and milk products on a pro rata basis predicated upon the quantity of milk or milk products utilized by each of such handlers.

The corporate respondents refused to pay any assessments and failed to furnish required information so that the specific amounts of the assessment owed by them could be determined. The Milk Administrative Committee, created by the marketing order, filed a verified complaint with the Commissioner to such effect. The Commissioner, upon receipt of the complaint, scheduled a hearing for January 26, 1968, to consider the matters set forth in the complaint. The corporate respondents appeared and filed a "Special Appearance and Objection to Jurisdiction" and a "Special Appearance and Motion to Quash Subpoenas Duces Tecum." The Commissioner found the objections to be without merit and denied them. The district court action challenged here then followed.

The complete answer to the question in this proceeding is to be found in *Colorado State Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502. That case involved an original proceeding in the nature of prohibition to restrain the trial court from interfering with the State Board of Medical Examiners in the exercise of its statutory functions in examining certain complaints made against a doctor.

In that case we held that the interference by the district court constituted "direct and unjustified judicial interference with a function properly delegated to the Executive Department." We cited and quoted with approval from *People ex rel. Alexander v. District Court,* 29 Colo. 182, 68 P. 242, to explain why we are required to intervene where a lower court is attempting to restrain a duly authorized administrative board (or agency) from performing its duty pursuant to the laws passed by the General Assembly:

" * * * *The sole object of the action commenced in the district court is to obtain an injunction to restrain the board from performing its duties. If this should be permitted in a direct proceeding, the result would be to directly subject executive officials to the jurisdiction of the courts when acting within their province, and strip them of their constitutional powers. This is an authority which the judicial department cannot exercise in this manner, for the obvious reason that to concede it would be an assumption that the judicial was of superior authority to the executive department. * * *.*" (Emphasis added.)

Rule 106 limits the issuance of orders in the nature of prohibition to cases where an inferior tribunal has exceeded its jurisdiction or abused its discretion in exercising judicial or quasi-judicial functions, and where there is no plain, speedy, or adequate remedy. *Colorado State Board of Medical Examiners v. District Court, supra; Eveready Freight Service, Inc. v. P.U.C.;* 131

Colo. 172, 280 P.2d 442; *P.U.C. v. Town of Erie,* 92 Colo. 151, 18 P.2d 906.

There could be no abuse of discretion by the Commissioner, for he had not yet acted when the order in the nature of prohibition was issued by the district court. Therefore, the only basis which would support the district court's action would be that the Commissioner lacked jurisdiction to proceed. It is significant that the district court did not find that the Commissioner lacked jurisdiction, and it is clear that there could be no such finding for the reason that the Commissioner did and does have jurisdiction — sole and exclusive original jurisdiction.

The action taken by the corporate respondents in attempting to invoke the aid of the district court was premature. C.R.S. 1963, 7-3-17, provides that after the Commissioner has determined the amount of the assessment and called for collection from the person so assessed, if payment is not forthcoming, then the Commissioner may file a claim in a court of competent jurisdiction for collection of the assessment. It is at such time that the corporate respondents would have a full and complete opportunity to challenge the assessment. Until the Commissioner makes a determination of the amount of the assessment, the judiciary has no jurisdiction to interfere where the Commissioner is merely exercising his statutory duties.

The district court found that at the time of its *ex parte* order there was pending before this court an action involving the same parties and all the substantive questions raised by the corporate respondents as to the constitutional validity of the milk marketing order involved herein. Since that time, in *Shoenberg Farms, Inc. v. People,* 166 Colo. 199, 444 P.2d 277, we have upheld the constitutionality of the milk marketing order as to the same substantive questions raised in the present proceeding. Even so, contentions of unconstitutionality under Rule 106 provide no basis for juris-

diction in the district court. Again referring to *State Board of Medical Examiners v. District Court, supra,* we therein said:

"Further, even a claim, as urged in the complaint filed below, that the statute [or marketing order] under which a department of the executive is proceeding is unconstitutional will not clothe the judiciary with power to interfere with or control such department in advance of its taking final action in the premises. In other words, the question of constitutionality is a matter to be raised by writ of error after the executive has performed its function. * * *."

The Rule to Show Cause issued herein is made absolute and the district court of the City and County of Denver is directed to vacate its order to the Commissioner and to dismiss the complaint.

MR. CHIEF JUSTICE MOORE not participating.