No. 24453.

THE PEOPLE OF THE STATE OF COLORADO EX REL. JOHN H. HECKERS, EXECUTIVE DIRECTOR, DEPARTMENT OF REVENUE, STATE OF COLORADO *v.* THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER; THE HONORABLE SAUL PINCHICK, DISTRICT JUDGE; CARL J. FRAZZINI, INDIVIDUALLY, AND MARY A. TUNSTEAD, INDIVIDUALLY, AND BOTH DOING BUSINESS AS SALIMAN BROS.

(463 P.2d 310)

Decided January 5, 1970.

534

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, CHRIS J. ELIOPULOS, Assistant, for petitioner.

BRENMAN, CIANCIO, ROSSMAN, BAUM & SOBOL, STEPHEN N. BERKOWITZ, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an original proceeding by which the People of the State of Colorado, upon relation of the Executive Director of the Department of Revenue of the State of Colorado, seek a writ prohibiting the Denver District Court from enjoining and prohibiting the Executive Di-

rector from holding a hearing in the administration and execution of his duties under the Liquor Code of 1935, C.R.S. 1963, Chapter 75, Article 2. Pursuant to the filing of the petition herein, this Court issued its rule commanding the respondents to show cause why the relief requested should not be granted.

On September 29, 1969, the Executive Director of the Department of Revenue, hereinafter referred to as "director," issued an Amended Order to Show Cause, addressed to Carl J. Frazzini and Mary A. Tunstead, hereinafter called "respondents" or "licensees," who were persons licensed under the Liquor Code of 1935 to sell beer, wine and spirituous liquors by the drink on their premises in Denver, Colorado. This order was issued pursuant to the authority of C.R.S. 1963, 75-2-11 and 75-2-12. It required respondents to show cause why their license should not be suspended or revoked as provided by law for the reason that respondent, Carl J. Frazzini, allegedly permitted gambling violations to take place on the licensed premises, contrary to statute and Department regulation. A two-count complaint and information accusing Frazzini of gambling violations had been filed in the Denver County Court. Trial of this criminal action had been scheduled for December 17, 1969. The license suspension hearing had been scheduled by the director for October 8, 1969.

Respondents filed their petition for a writ of prohibition in the Denver District Court under R.C.P. Colo. 106, to prohibit the director from proceeding with the suspension hearing until after the final determination of the pending criminal case. The grounds for this relief were respondents' allegations that if the administrative hearing were pursued prior to the trial of the criminal action, respondent, Frazzini, would be forced to forfeit either his right against self-incrimination or his liquor license, and that respondents' rights to procedural due process under the constitutions of the United States and of the State of Colorado would be violated. On October 3, 1969, after

hearing, the district court issued its writ prohibiting the director from conducting the suspension hearing until such time as the criminal action in the country court had been finally determined. The sole issue for determination in this proceeding is whether the district court had the authority to prohibit the director from holding the administrative hearing under the circumstances above set forth.

We hold that the district court had no authority to prohibit the Executive Director of the Department of Revenue from conducting the administrative hearing under the Liquor Code of 1935 and that, in issuing its order prohibiting the director, the district court was acting in excess of its jurisdiction. The disposition of this case is quite clearly controlled by the cases of *People ex rel. Orcutt v. District Court,* 167 Colo. 162, 445 P.2d 887, and *Board v. District Court,* 138 Colo. 227, 331 P.2d 502, where, under similar circumstances to those here present, this Court held such action of the district court to be a *direct and unjustified judicial interference* with a function properly delegated to the executive branch of our government. We think such is the case here.

First of all, an original proceeding in the nature of prohibition under R.C.P. Colo. 106 shall not be extended further than to determine whether the inferior tribunal (here, the director) has exceeded its jurisdiction or abused its discretion. There is no question of the power of the legislature under Article XXII of the constitution of the State of Colorado to regulate the manufacture, sale and distribution of intoxicating liquor within the state of Colorado and to delegate the regulation of the industry through such agencies and under such regulations as may be provided by statute. The legislature has designated the Executive Director of the Department of Revenue as the agency through which the terms and provisions of the Liquor Code of 1935 shall be administered and enforced. C.R.S. 1963, 75-2-6 (1), *as amended,* Colo. Sess. Laws, ch. 53, §67 (1968). Among

the specific duties delegated to the director is that of determining, after notice and hearing, whether licenses shall be suspended or revoked for violations of law or of rules or regulations promulgated by the department. C.R.S. 1963, 75-2-6(1) and (2). Here the director was attempting to perform this statutory duty by holding a suspension hearing upon being advised that gambling activities had occurred on the licensed premises in violation of statute and department rule and regulation, all of which was clearly within his power, authority and jurisdiction.

We next inquire whether the director abused his discretion under the circumstances. As concerns the licensees, the director had not yet acted in any manner whatsoever to the prejudice of any of the rights of the licensees, either under the Liquor Code of 1935 or under the constitutions of the United States or of the State of Colorado. He had not yet exercised any discretion concerning the subject matter of the hearing. The apparent basis of the trial court's rule prohibiting the director from proceeding with the hearing was presumably that respondents' constitutional rights might be violated. We cannot subscribe to a theory which presumes public officers will, in the performance of their duties, conduct their offices in an unlawful manner so as to deprive affected persons of their constitutional rights. We point out that ample remedies are available to correct and stay proceedings being unlawfully conducted in violation of fundamental rights, if in fact such is occurring — witness the extraordinary remedy by way of prohibition which was in this case *prematurely* invoked in the trial court by respondents.

Counsel argues that the state through its administrative agencies may not conduct administrative hearings relative to matters involving alleged criminal transactions when there are pending criminal charges awaiting trial arising out of the same transactions, citing as authority *United States v. Parrott*, 248 F. Supp. 196.

We do not regard the *Parrott* case as analogous to the case here under consideration. In *Parrott* the government used the civil administrative procedures to obtain and document evidence for use against Parrott in a subsequent criminal action, without advising him of his constitutional rights relative thereto, nor of the government's intention to file against him criminally. In the present situation criminal charges had already been instituted by the Denver police against the licensees long before the director determined to commence the license suspension or revocation proceedings. No question of obtaining evidence in the administrative hearing for use in the pending criminal action was here involved, and, of course, the director could not compel the licensees here to testify against themselves at the administrative hearing. We believe the correct rule to be contrary to respondents' contention. See *United States v. Detroit Vital Foods, Inc.,* 407 F.2d 570, *cert. denied,* 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450, where the court said: "We do not hold that a government agency may not institute and prosecute civil proceedings on charges that may involve criminal proceedings against the same persons."

 Counsel further contends that procedural due process requires that the administrative hearing be postponed to allow the criminal charges to be first disposed of, citing *Silver v. McCamey,* 95 U.S. App. D.C. 318, 221 F.2d 873. We find nothing in the administrative procedures, as pointed out above, that requires self-incrimination, and furthermore the burden is upon the proponent for an order of suspension or revocation to prove sufficient grounds therefor, not upon the licensee. C.R.S. 1963, 3-16-4(7). We cannot read deprivation of due process into the situation before the Court.

Accordingly, the rule is made absolute and the district court of Denver County is directed to dissolve the writ and order heretofore issued in said cause and to dismiss the complaint therein.

Mr. Justice Groves not participating.