No. 24747.

Colorado Department of Revenue and John H. Heckers,
Executive Director of said Department *v.* The District
Court in and for the County of Adams, the Honorable
Jean J. Jacobucci, District Judge and
Robert Darl Forbes.
(470 P.2d 864)

Decided June 22, 1970.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Harold L. Neufeld, Assistant, for petitioner.

Donald L. Brundage, for respondents.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an original proceeding directed to the above named respondents for a rule to show cause why the district court of Adams County should not be prohibited from interferring with the statutory duties of the executive director of the Department of Revenue — the petitioner.

Pursuant to authority granted the director under the provisions of 1967 Perm. Supp., C.R.S. 1963, 13-5-30, known as the "Implied Consent Law," he issued to Forbes a notice of hearing requiring an appearance before the

department on May 1, 1970, to show cause why Forbes' driver's license should not be revoked. The latter was cited under the provision of the statute wherein is conferred upon the petitioner the responsibility for the administration and enforcement of the law.

Contained in these provisions is authority vested in the executive director to hold hearings, make findings and determinations, and upon a proper showing revoke the driving privileges of a person found to have violated the aforementioned section. In particular, the statute provides that a person who drives on the highways of the state (as did Forbes) is deemed to have given his consent to a chemical test for the purpose of determining the alcoholic content of his blood if charged with driving under the influence of intoxicating liquor. (Forbes was so charged.) If a driver refuses to submit to a chemical test as requested, the test shall not be given, but the arresting officer then must file with the Department of Revenue a written report of such refusal, stating that prior to the arrest he had reasonable grounds to believe that the person was driving a motor vehicle while under the influence of intoxicating liquor and stating his grounds for such belief. Upon receipt of such a report the department is required to serve notice on the person refusing the test to appear before the department and show cause why his license should not be revoked. If it is established at the hearing that the officer had reasonable grounds to believe that the person was driving under the influence, and the person does not have available to him any of the legal defenses in 13-5-30 (3), his license may be forthwith revoked for a period of six months. Provisions for stay pending judicial review are provided for by reference to C.R.S. 1963, 3-16-5 (5).

In an *ex parte* action before the respondent district judge in Adams County, Forbes sought and obtained a permanent injunction restraining the director of revenue from proceeding under the aforementioned statute. The court found the statute unconstitutional.

■■ It is the contention of the petitioner, with which we agree, that the district court does not have jurisdiction to restrain the executive director of the Department of Revenue from holding hearings in the administration and execution of his duties as set forth by statute, and that the proper procedure to challenge the questioned statute and the administration thereof is by judicial review after final administrative action has been taken.

■ In a number of previous decisions we have held that a trial court has no jurisdiction to interfere with officers of the executive branch of government whose duties are imposed by statute, for the reason that the action of the lower court constitutes direct and unjustified judicial interference with a function properly delegated to the executive department. The most recent affirmation of this court's position is contained in *People ex rel. Heckers v. District Court in and for the City and County of Denver,* 170 Colo. 533, 463 P.2d 310. There the district court sought to enjoin the executive director from holding a hearing as provided in C.R.S. 1963, chapter 75, article 2 (the Liquor Code). That statute similarly required respondents to attend an administrative hearing to show cause why their license should not be suspended or revoked as provided by law. Therein it was alleged that they permitted gambling on the licensed premises, contrary to statute and department regulation. A criminal action involving the same gambling activities was pending, and it was alleged that the hearing would prejudice the defendants. We said in that case:

"We hold that the district court had no authority to prohibit the Executive Director of the Department of Revenue from conducting the administrative hearing under the Liquor Code of 1935 and that, in issuing its order prohibiting the director, the district court was acting in excess of its jurisdiction. The disposition of this case is quite clearly controlled by the cases of People ex rel. Orcutt v. District Court, 167 Colo. 162, 445 P.2d 887, and Colorado State Board of Medical Examiners v. District

Court, 138 Colo. 227, 331 P.2d 502, where, under similar circumstances to those here present, this Court held such action of the district court to be a *direct and unjustified judicial interference* with a function properly delegated to the executive branch of our government. We think such is the case here."

It is contended by respondents that authority for the court injunction is to be found in subsection (8) of C.R.S. 1963, 3-16-5, as follows:

"Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency. If the court finds that any proceeding contesting the jurisdiction or authority of the agency is frivolous or brought for the purpose of delay, it shall assess against the plaintiff in such proceeding costs and a reasonable sum for attorneys' fees (or an equivalent sum in lieu thereof) incurred by other parties, including the state."

As grounds for relief, petitioner asserted that he would be irreparably injured by revocation of his driver's license which he needed in connection with his employment and for his family's needs. He further asserted that the Implied Consent Law is unconstitutional because of a ruling by the Adams County district court in the case of *People v. Brown,* criminal action No. 3372 in the district court of Adams County, wherein it was held that 1967 Perm. Supp., C.R.S. 1963, 13-5-30 (3) (a) (b) (c) (d) (g) and (h) are violative of due process.

This argument of respondents misconceives the language of C.R.S. 1963, 3-16-5 (8), which gives the power of injunctive relief in a case "clearly beyond the constitutional or statutory jurisdiction or authority of the agency." In the case at bar the constitutional or statutory authority of the agency is not challenged. The constitution provides for executive enforcement of the laws and

the statutes have set out the duties and responsibilities of the Department of Revenue and its director in the area of motor vehicles and operator licensing. He is not acting beyond his constitutional and statutory authority in proceeding under the statute in question. What was attempted to be challenged in the trial court was the constitutionality of the statute in question as it relates to an individual driver who may be affected by its provisions.

The agency is clearly authorized. If its action results in the deprivation of the constitutional rights of the person affected by it, the action is subject to judicial review. Until the agency makes a determination, action of the judiciary is premature. In *People ex rel. Orcutt v. District Court,* 167 Colo. 162, 445 P.2d 887, this court said: "The district court found that at the time of its *ex parte* order there was pending before this court an action involving the same parties and all the substantive questions raised by the corporate respondents as to the *constitutional validity* of the milk marketing order involved herein. Since that time, in Shoenberg Farms, Inc. v. People, 166 Colo. 199, 444 P.2d 277, we have upheld the constitutionality of the milk marketing order as to the same substantive questions raised in the present proceeding. Even so, *contentions of unconstitutionality* under Rule 106 provide no basis for jurisdiction in the district court. Again referring to State Board of Medical Examiners v. District Court, supra, we therein said:

" 'Further, even a claim, as urged in the complaint filed below, that the statute [or marketing order] under which a department of the executive is proceeding is unconstitutional will not clothe the judiciary with power to interfere with or control such department in advance of its taking final action in the premises. In other words, the question of constitutionality is a matter to be raised by writ of error after the executive has performed its functions. * * *' " (Emphasis added.)

In an early case — *People ex rel. Alexander v. District*

*Court,* 29 Colo. 182, 68 P. 242, the special concurring opinion therein contains a lucid discussion on the separation of powers. Mr. Justice Gabbert there said:

"* * * The duty of the executive department is to carry the laws into effect. In a legal sense this department is not limited to those officials which the constitution designates as *constituting that branch of government.* It embraces all the organs of government upon which devolve the duty of executing laws of a governmental nature, and in the performance of which a discretion is involved as distinguished from official duties, which, in law, are termed ministerial. By virtue of the authority of the constitution, it is the duty of the state board to carry into effect the provisions of the revenue law which it is required to execute. They are of a governmental character. The sole object of the action commenced in the district court is to obtain an injunction to restrain the board from performing its duties. If this should be permitted in a direct proceeding, the result would be to directly subject executive officials to the jurisdiction of the courts when acting within their province, and strip them of their constitutional powers. This is an authority which the judicial department cannot exercise in this manner, for the obvious reason that to concede it would be an assumption that the judicial was of superior authority to the executive department. That the revenue law is claimed to be unconstitutional cannot modify the rule in this instance. The courts cannot investigate the question of its validity in a proceeding which can only be maintained upon the theory that the judicial is of higher rank than the executive department, or may directly control the functions of that branch of the government when acting within its sphere. Jurisdiction is the power to hear and determine the particular questions in the case involved. If this power is absent, then the court is without jurisdiction. The case presented to the district court calls for an exercise of authority upon its part over another branch of the state government, which it does not possess. It is, there-

fore, not within its power to hear and determine that case. In a proper action the validity of the law may be raised, but not in one which would result in the courts assuming an authority which does not exist; in fact, under our form of government, is impliedly prohibited by the constitution. * * *"

The rule is made absolute.