### No. 23533.

THURMAN HARRISON *v.* THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION; THE CAREER SERVICE AUTHORITY OF THE CITY AND COUNTY OF DENVER; THE CAREER SERVICE BOARD OF THE CITY AND COUNTY OF DENVER; JOHN AYER, CLARENCE STEELE, JOHN H. SALTER, MARY RIGER, AND DAVID SMITH, AS MEMBERS OF AND BEING AND CONSTITUTING THE CAREER SERVICE BOARD OF THE CITY AND COUNTY OF DENVER.

(487 P.2d 373)

Decided June 28, 1971.     Rehearing denied August 9, 1971.

Gary L. Polidori, for plaintiff in error.

Max P. Zall, City Attorney, Brian H. Goral, Assistant, for defendants in error.

*In Department.*

Opinion by Mr. Justice Groves.

The plaintiff in error, Mr. Harrison, was employed by the City and County of Denver under the classification of Tree Trimmer II. Mr. Harrison was dismissed from his employment by his superior for a number of reasons, including insubordination. Mr. Harrison appealed the involuntary termination to Denver's Career Service Board. At the hearing before the Board, there was conflicting evidence. The Board found that Mr.

Harrison, who is a negro, had been insubordinate, and that racial discrimination was not involved in the dismissal. It affirmed the termination. Mr. Harrison then sought review in the district court, which approved the action of the Board. We affirm.

## I.

It is contended that due process was violated in that a hearing should have been held *prior* to the termination. We disagree. *See Cain v. Civil Service Commission,* 159 Colo. 360, 411 P.2d 778 (1966); and *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

## II.

The next contention is that the evidence was insufficient to support the findings and conclusion of the Board. As indicated, the evidence was in conflict, but it was ample to support the Board's determination. Among other things, there was testimony that Mr. Harrison had committed a rather severe assault and battery upon his foreman; and that he commenced this beating while the foreman was driving a truck on a street in Denver.

## III.

Mr. Harrison argues that his constitutional right of equal protection was violated because his dismissal involved racial discrimination. After stating that "the Board heard all the conflicting evidence and found that the plaintiff's dismissal was not for the reason of racial discrimination," the trial court concluded that it should not substitute its judgment for that of the Board. We agree.

Judgment offirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.