505 P.2d 47 (1972)
Bernard Wayne LORANCE, Plaintiff-Appellant,
v.
The COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS et al., Defendants-Appellees.
No. 71-458. (Supreme Court No. 25238)
Colorado Court of Appeals, Div. I.
October 3, 1972.
Rehearing Denied October 25, 1972.
Certiorari Denied December 18, 1972.
*48 Tweedy & Mosley, James H. Mosley, Denver, for plaintiff-appellant.
Duke W. Dunbar, Atty. Gen., William Tucker, Asst. Atty. Gen., Denver, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
Plaintiff-appellant, Bernard Lorance, a licensed and practicing architect in the State of Colorado, will be referred to as plaintiff, and defendant-appellee, Colorado State Board of Examiners of Architects, will be referred to as the Board.
On or about April 30, 1971, the Board served plaintiff with a notice requiring him to appear at a hearing before the Board and answer charges contained in a complaint filed against him. The complaint served with the notice was sworn to by another architect and charged plaintiff with the commission of certain specific acts which allegedly constituted violations of a regulation of the Board for which the Board could suspend or revoke plaintiff's license to practice.
Prior to the date of the scheduled hearing, plaintiff filed this action against the Board seeking a writ in the nature of prohibition to prevent the Board from conducting the hearing or further proceeding upon said complaint. The Board filed a motion to dismiss the complaint on the grounds that the court was without jurisdiction to interfere with the hearing until after the Board had acted. The motion was granted by the court, and plaintiff has appealed. We affirm.
The legislature has designated the Board as the initial authority for issuance, denial, revocation, or suspension of an architect's license. C.R.S.1963, 10-1-16.
The legislature has also empowered the Board to conduct hearings upon complaints concerning architects. C.R.S.1963, 10-1-4(e). The statutory section governing disciplinary proceedings, C.R.S.1963, 10-1-21(1), provides as follows:
"If a sworn complaint is filed with the board by any person charging an architect with having been guilty of any of the actions specified in this article, as a ground for disciplinary action, the board shall fix a time and place for hearing and shall cause a copy of the charges, together with a notice of the time and place fixed for the hearing, to be personally served on the accused . . . ."
The Board, in instituting the disciplinary action against plaintiff and in scheduling a hearing on the charges which had been filed against plaintiff, was carrying out its statutory function. In such circumstances, the courts will not interfere with the action of an administrative board *49 until final action has been taken by the Board.
The case of Colorado State Board of Medical Examiners v. District Court, 138 Colo. 227, 331 P.2d 502, is directly in point. That case involved an action commenced by a physician to prevent the State Board of Medical Examiners from proceeding with disciplinary actions commenced against him. The court there stated and answered the following question:
"Does the district court have jurisdiction to prohibit a branch of the executive department such as the State Board of Medical Examiners from carrying out its statutory functions?

"This question is answered in the negative.
"The instant case falls squarely within the category of cases referred to in Prinster v. District Court, [137 Colo. 393, 325 P.2d 938], as well as earlier cases for the reason that the action of the lower court constitutes direct and unjustified judicial interference with a function properly delegated to the Executive Department.
"It is well established that the General Assembly has power to enact laws regulating the practice of medicine, and in so doing may create within the Executive Department a board empowered to administer and enforce such laws. Chenoweth v. State Board, 57 Colo. 74, 141 P. 132, 51 L.R.A.,N.S., 958; Harding v. People, 10 Colo. 387, 15 P. 727; Smith v. People, 51 Colo. 270, 117 P. 612, 36 L.R.A.,N.S., 158. By law, therefore, the sole original jurisdiction to grant or revoke licenses to practice medicine in compliance with the regulatory provisions of such statute is vested in the State Board of Medical Examiners."
The Colorado Supreme Court has consistently held that the district court does not have jurisdiction to restrain an administrative agency from performing its statutory functions. Colorado Department of Revenue v. District Court, 172 Colo. 144, 470 P.2d 864; People ex rel. Heckers v. District Court, 170 Colo. 533, 463 P.2d 310; and People ex rel. Orcutt v. District Court, 167 Colo. 162, 445 P.2d 887.
Plaintiff argues that he is entitled to a writ in the nature of prohibition because the Board's regulation which he has allegedly violated is void on its face. He contends that, where an administrative action is pending based on an alleged violation of an allegedly void regulation, the courts may determine whether the administrative agency has jurisdiction to proceed with the action. Plaintiff's contentions must be rejected on the authority of Colorado State Board of Medical Examiners v. District Court, supra. The court there stated:
"Further, even a claim, as urged in the complaint filed below, that the statute under which a department of the executive is proceeding is unconstitutional will not clothe the judiciary with power to interfere with or control such department in advance of its taking final action in the premises."
The jurisdiction of the Board to proceed with the disciplinary hearing is conferred by statute and is not dependent upon the validity of the regulation it is attempting to enforce. The judicial determination of the validity of the regulation is not available to plaintiff until final action has been taken by the Board. See Colorado Department of Revenue v. District Court, supra.
The case of Colorado State Board of Optometric Examiners v. Dixon, 165 Colo. 488, 440 P.2d 287, relied upon by plaintiff is distinguishable. Dixon did not involve judicial interference with an administrative proceeding prior to its conclusion but rather was concerned with judicial review of a final agency action.
Judgment affirmed.
SILVERSTEIN, C.J., and SMITH, J., concur.