## No. 26636

**State Board of Cosmetology of the State of Colorado v. The District Court in and for the City and County of Denver, and the Honorable Robert T. Kingsley**

(530 P.2d 1278)

Decided December 16, 1974. Opinion supplemented and rehearing denied February 3, 1975.

176

John P. Moore, Attorney General, John E. Bush, Deputy, William Tucker, Assistant, for petitioner.

Sherman, Sherman and Morgan, Edward H. Sherman, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding brought pursuant to a C.A.R. 21 and Colo. Const. Art. VI, Sec. 3. We issued a rule to show cause why the relief prayed for by the petitioner should not be granted and the matter is at issue. We now make the rule absolute.

Since September 9, 1971, the Colorado State Board of Cosmetology (the Board), petitioner herein, has compiled investigatory reports and complaints concerning certain activities by the International Beauty Academy (the Academy), respondent herein, alleged to be in violation of the rules and regulations promulgated by the Board. During this period, the Board also received a letter from a prior student of the Academy, complaining that the Academy had violated some of the Board's rules. On November

1, 1971, the Board served the Academy with a "Notice of Hearing" and subsequent thereto it scheduled numerous hearings to determine the validity of these allegations. Except for the hearing scheduled for September 25, 1974, the Board cancelled all the scheduled hearings.

On September 23, 1974, the Academy instituted an action in the District Court for the City and County of Denver seeking to restrain the Board from conducting the September 25, 1974 hearing. As a basis for such equitable relief, the Academy asserted that the numerous delays constituted laches, and, that the Board should, therefore, be barred from maintaining any proceedings concerning the purported violations. The respondent trial court entered an ex parte order temporarily restraining the Board from holding the hearing. The Board's motion to dissolve this order was denied and a hearing for a preliminary injunction was calendared for October 4, 1974.

The Board has filed a petition with this court seeking our determination of whether the respondent district court is proceeding in excess of its jurisdiction. We hold that the district court has in fact exceeded its jurisdiction.

It is a long standing and well established policy of this state that the district court does not have jurisdiction to restrain an administrative agency from performing its statutory functions. *Moore v. District Court,* 184 Colo. 63, 518 P.2d 948 (1974); *Banking Board v. District Court,* 177 Colo. 77, 492 P.2d 837 (1972); *Colorado Department of Revenue v. District Court,* 172 Colo. 144, 470 P.2d 864 (1970); *People v. District Court,* 167 Colo. 162, 445 P.2d 887 (1968); *Colorado State Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502 (1958); *Prinster v. District Court,* 137 Colo. 393, 325 P.2d 938 (1957); *People ex rel. Alexander v. District Court,* 29 Colo. 182, 68 P. 242 (1901). Normally, judicial review of administrative action is available only after exhaustion of administrative remedies and final agency action. *See* 1969 Perm. Supp., C.R.S. 1963, 3-16-5. An exception to this rule is provided by C.R.S. 1963, 3-16-5(8), which states that:

"[u]pon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency

proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency.''

The Board has clear cut *statutory authority* to,

''. . . supervise and inspect beauty schools and beauty salons and to revoke and suspend certificates upon proof of violation of the rules and regulations established by the board or of the statutes of the state of Colorado.'' Colo. Sess. Laws 1973, ch. 127, 32-1-20(1) at 458.

There was no assertion by the Academy that the threatened disciplinary action was beyond the constitutional jurisdiction or authority of the Board. Therefore, the exception set forth in C.R.S. 1963, 3-16-5(8) is not applicable.

■ The Academy has argued that the excessive delay caused by the cancellations of the several scheduled hearings is tantamount to ''final action.'' However, on at least one prior occasion, this contention has been implicitly rejected by this court. In *Colorado State Board of Medical Examiners v. District Court, supra,* the plaintiff sought to prevent the State Board from proceeding with certain disciplinary actions. There the plaintiff alleged, *inter alia,* that:

''the [relevant] statute . . . does not provide a means whereby plaintiff may object to the jurisdiction of the Board, that it would be useless to apply to the Board for relief; *that undue delay would be prejudicial to plaintiff and would seriously interfere with the plaintiff's treatment of patients . . . .*'' (Emphasis added.)

The district court issued a writ in the nature of prohibition which this court dissolved, stating:

''The instant case falls squarely within the category of cases referred to in *Prinster v. District Court, supra,* . . . for the reason that the action of the lower court constitutes direct and unjustified judicial interference with a function properly delegated to the Executive Department.''

Similarly, the Colorado Court of Appeals recently entertained the appeal of an architect who had unsuccessfully sought judicial intervention to prevent the Colorado State Board of Examiners of Architects from conducting a disciplinary hearing. In *Lorance v. Colorado State Board of Examiners of Architects,* 31 Colo. App.

332, 505 P.2d 47 (1972), the Court of Appeals ruled that:

"The Board, in instituting the disciplinary action against plaintiff and in scheduling a hearing on the charges which had been filed against plaintiff, was carrying out its statutory function. In such circumstances, the courts will not interfere with the action of the administrative board until final action has been taken by the Board."

In support of its contention of "finality," the Academy relies on *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968) in which we approved judicial consideration of a duly promulgated regulation as to its constitutionality. However, that case is inapposite to the situation at hand. In *Dixon,* the cases relied on here by the Board were distinguished in this passage:

"All of the cases cited by the Board, except *Colorado State Board of Examiners of Architects v. Rico,* 132 Colo. 437, 289 P.2d 162, involve attempted judicial interference with various administrative proceedings before such proceedings had been concluded, and are of course not in point here."

To adopt the Academy's contention that the "action" was *final* would, in effect, be to enjoin the Board from ever taking *final action.* We conclude, therefore, that the agency action which the Academy sought to enjoin was not "final" and, as such, was not ripe for judicial review.

Accordingly, the rule is made absolute and the respondent district court is directed to dissolve the restraining order issued on September 23, 1974, and to dismiss Academy's complaint.

## ON PETITION FOR REHEARING

On petition for rehearing the court supplements its opinion as follows:

The respondents point out in their petition for rehearing that the International Beauty Academy in its complaint prayed for declaratory relief and that we failed to consider the issue in our opinion and should have remanded the cause to the trial court for consideration of the claim; that we overlooked the Colorado cases which have recognized the jurisdiction of the district court to grant declaratory relief prior to final agency action, citing *State*

*Board v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968) and *Moore v. District Court,* 184 Colo. 63, 518 P.2d 948 (1974) in support of their argument.

The complaint filed by the International Beauty Academy did, in fact, pray for both injunctive and declaratory relief and the trial court having granted the injunctive relief, did not reach the issue of declaratory relief. We reversed and ordered the Academy's complaint dismissed.

In *Dixon* this court granted declaratory relief because it terminated the uncertainty, holding that "final action" had been taken by the Board and that the threatened enforcement of the regulation would result in irreparable injury to the plaintiff. This action was consistent with C.R.C.P. 57(e).

In *Moore* we remanded the controversy to the trial court for trial on the merits of the petitioner's complaint for declaratory judgment. We there held that the trial court had not made any findings that the conduct of the Board was "clearly beyond the constitutional or statutory jurisdiction or authority" of the Board and that there was no evidence in the record to support such finding. However, agency action was *final* — it had adopted a regulation and the petitioner was challenging its constitutionality. The relief sought to be declared by the trial court would resolve the controversy.

■ Here, the actions of the Board have been annoying, but there has been no order issued, no sanction imposed, no license suspended, nor any right revoked or denied by the failure of the Board to act. The resolution of the controversy does not involve the constitutionality of a statute or a rule or regulation. Consequently, the true controversy between the Academy and the Board as to whether the Academy has violated any of the statutes or regulations governing beauty schools would not be resolved by a declaratory judgment at this stage of the proceedings.

C.R.C.P. 57(f) provides that the court may refuse to render a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding. Our view is that this case, under such a test, is not ripe for declaratory relief.