637 P.2d 333 (1981)
STATE PERSONNEL BOARD of the State of Colorado; and the individual members thereof; and Ed Turrou, Hearing Officer for the board; and Department of Local Affairs, Division of Property Taxation; and Mary Ann Mauer, Property Tax Administrator; and John A. Williams of the Division of Property Taxation, Department of Local Affairs, Petitioners,
v.
DISTRICT COURT In and For the CITY AND COUNTY OF DENVER; and the Honorable Clifton A. Flowers, District Court Judge, Respondent.
No. 81 SA 207.
Supreme Court of Colorado, En Banc.
November 9, 1981.
Rehearing Denied December 14, 1981.
*334 J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Diane G. Reimer, Asst. Atty. Gen., Denver, for petitioners.
Geer & Goodwin, P. C., Robert E. Goodwin, Denver, for respondent.
DUBOFSKY, Justice.
In this original proceeding, we issued a rule to show cause why the respondent district court's order staying George W. Hirschfeld's dismissal from State employment until such time as the proceedings before the petitioner State Personnel Board are completed should not be vacated. We now make the rule absolute.
Hirschfeld began employment with the Public Utilities and Administration Section in the Division of Property Taxation of the State Department of Local Affairs on July 1, 1961.[1] For most of his employment, Hirschfeld was an appraiser, but for the period beginning January 1, 1977, until February 13, 1981, he had some supervisory duties.
On March 17, 1981, his supervisor dismissed Hirschfeld, effective March 31, 1981,[2] for willful failure to perform assigned duties.[3] Hirschfeld appealed his dismissal to the State Personnel Board (board) on March 27, 1981, and sought a stay of the dismissal from the board's hearing officer. The hearing officer denied the requested stay on March 30, 1981. The same day, Hirschfeld petitioned the respondent district court under section 24-4-106, C.R.S. 1973, C.R.C.P. 106(a)(4), and C.R.C.P. 65 for a stay of the dismissal. After a hearing on March 31, 1981, the respondent court postponed the March 17th dismissal order until ten days after final agency action by the board.
The court grounded its ruling on section 24-4-106(5), which allows postponement of agency action pending judicial review upon a finding that irreparable injury would otherwise result.[4] Alternatively, the court determined that its actions were authorized under section 24-4-106(8), which empowers a court to enjoin agency action in excess of its "constitutional or statutory jurisdiction or authority." The court ruled as a matter of law that minimum due process requires a hearing before termination from State employment. We disagree with the court's ruling. Absent final agency action, the district court does not have the authority to interfere with administrative agency proceedings by granting a stay of Hirschfeld's dismissal.
*335 Traditionally, we have prevented judicial interference with a function properly delegated to the executive branch of state government by ruling that a district court does not have jurisdiction to restrain an administrative agency from performing its statutory duties. State Board of Cosmetology v. District Court, 187 Colo. 175, 530 P.2d 1278 (1974); Moore v. District Court, 184 Colo. 63, 518 P.2d 948 (1974); Banking Board v. District Court, City and County of Denver, 177 Colo. 77, 492 P.2d 837 (1972); Colorado Department of Revenue v. District Court in and for County of Adams, 172 Colo. 144, 470 P.2d 864 (1970); People ex rel. Heckers v. District Court, 170 Colo. 533, 463 P.2d 310 (1970); Colorado State Board of Medical Examiners v. District Court, 138 Colo. 227, 331 P.2d 502 (1958). The State Administrative Procedure Act (APA), sections 24-4-101 et seq., C.R.S.1973 (1980 Supp.), reflects that solicitude for separation of powers by requiring that parties involved in administrative proceedings exhaust their administrative remedies before seeking judicial review.
Section 24-4-106(2), C.R.S.1973, provides: "Final agency action under this or any other law shall be subject to judicial review...." Section 24-4-106(4), C.R.S. 1973 (1980 Supp.), provides: "Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within 30 days after such agency action becomes effective." Section 24-4-106(5), C.R.S. 1973, upon which the respondent court relied, provides:
Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of whether such an application previously has been made to or denied by any agency, and upon such terms and upon such security, if any, as the court shall find necessary and order, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings. (Emphasis added.)
The language of this provision clearly indicates that the jurisdiction of a district court to postpone the effective date of an agency action is limited to proceedings taken in conjunction with an action for judicial review filed after final agency action. State Department of Revenue v. District Court, 193 Colo. 553, 568 P.2d 1157 (1977); State Board of Cosmetology v. District Court, supra; Moore v. District Court, supra; Colorado Department of Revenue v. District Court in and for County of Adams, supra.
The respondent contends that final agency action occurred when the hearing officer for the board denied Hirschfeld's request for a stay.[5] However, section 24-4-105(4), C.R.S.1973 allows a hearing officer to dispose of motions and section 24-4-105(14), C.R.S.1973 (1980 Supp.) requires that a hearing officer "prepare and file an initial decision" which "shall include a statement of findings and conclusions upon all the material issues of fact, law, or discretion presented by the record and the appropriate order, sanction, relief, or denial thereof...." (emphasis added). Section 24-4-105(15), C.R.S.1973 (1980 Supp.) provides in subsection (a) for the preparation of the transcript of the proceedings before the hearing officer and the record if any party seeks to reverse or modify the initial decision of the hearing officer; sub-section (b) provides:
The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the hearing officer shall not be set aside by the agency on review of the hearing officer's initial decision unless such findings of evidentiary fact are contrary to the weight of the evidence. The agency may remand the case to the hearing officer for such further *336 proceedings as it may direct, or it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law.
Contrary to the respondent's argument, we conclude that the decision of the agency (other than a remand for further proceedings) described in section 24-4-105(15)(b), C.R.S.1973 (1980 Supp.) is the final agency action subject to judicial review under section 24-4-106(2), C.R.S.1973.
The respondent court also maintains that its order staying Hirschfeld's dismissal does not interfere with the board hearing process. Admittedly, the board hearing process continues without judicial interference, but the respondent overlooks the effect of his order on the agency which employed Hirschfeld. The Division of Property Taxation must either maintain a recalcitrant employee on a job which the agency has determined he is not performing adequately or, as here, the agency must pay the salary of an employee on administrative leave and is therefore without funds to employ a substitute. The effect of the respondent court's order is a "direct and unjustified judicial interference with a function properly delegated to the executive branch of our government." Banking Board v. District Court, City and County of Denver, 177 Colo. at 79, 492 P.2d at 838; Colorado Department of Revenue v. District Court in and for County of Adams, 172 Colo. at 147, 470 P.2d at 866; People ex rel. Heckers v. District Court, supra.
As an alternative basis for its ruling, the respondent court relied upon section 24-4-106(8), C.R.S.1973, which provides:
Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency....
Sub-section (8) does not require final agency action, but it does require a showing of irreparable injury and an agency proceeding or an action proposed to be taken in the proceeding which is beyond the constitutional or statutory jurisdiction or authority of the agency. The respondent court found irreparable injury and that the failure to provide Hirschfeld a hearing before his dismissal was effective denied him due process. The respondent's ruling misinterprets the language of this provision, which clearly refers to the authority granted the agency under the Colorado Constitution or pertinent Colorado statutes.
The constitutional authority for the operation of the personnel system is found in Section 13 of Article XII of the Colorado Constitution which provides:
(8) ... A person certified to any class or position in the personnel system may be dismissed, suspended, or otherwise disciplined by the appointing authority[6] upon written findings of failure to comply with standards of efficient service or competence, or for willful misconduct, willful failure or inability to perform his duties.... Any action of the appointing authority taken under this subsection shall be subject to appeal to the state personnel board, with the right to be heard thereby in person or by counsel, or both.
Section 14(3) of Article XII of the Colorado Constitution provides:
The state personnel board shall adopt, and may from time to time amend or repeal, rules to implement the provisions of this section and sections 13 and 15 of this article, as amended, and laws enacted pursuant thereto, including ... appeals from actions by appointing authorities....
The "State Personnel System Act," sections 24-50-101 et seq., C.R.S.1973 (1980 Supp.), implements the constitutional provisions. Specifically, section 24-50-125 provides that any certified employee may be dismissed if the employee is notified of the specific charges giving rise to such action and of the employee's right of appeal to the board; if the employee petitions the board *337 for a hearing upon the action taken, the board is required to grant a hearing, at the conclusion of which the board shall make public findings affirming, modifying, or reversing the action of the appointing authority.
The rules for disciplinary actions are contained in Chapter 7 of the Rules and Regulations of the Colorado State Personnel System. Article 2 of Chapter 7 defines corrective and disciplinary actions; Article 3 contains the procedures for administering disciplinary actions; Article 4 describes the order of actions and suspensions; and Article 6 contains the appeal and review procedures. Specifically, section 7-3-1 provides:
When information received by the appointing authority indicates the possible need to administer disciplinary action, he shall meet with the employee involved, present the information that has come to his attention, and give the employee an opportunity to admit or present information regarding mitigating circumstances.
(A) It is not intended that this meeting constitute a formal hearing but only an opportunity for parties to meet and exchange information. Formal hearings to consider disciplinary action are provided for in Chapter 8 of these Rules.
Hirschfeld met with his appointing authority as section 7-3-1 provides.
Hirschfeld did not allege and the respondent court did not find that the agency proceeding or the action proposed to be taken therein violated Colo. Const., Art. XII, Secs. 13 and 14, the "State Personnel System Act," or Chapter 7, Article 3 of the Rules and Regulations of the Colorado State Personnel System. The board's exercise of its powers within the scope of its authority is entitled to a presumption of validity and constitutionality. Moore v. District Court, supra. In addition, a presumption of administrative regularity and constitutionality attaches to the multitude of personnel decisions made daily by public agencies. Chiappe v. State Personnel Board, Colo., 622 P.2d 527 (1981).
Instead of ruling that the Division of Property Taxation and the board had acted within the scope of their authority and denying Hirschfeld's motion for a stay, the respondent court in effect ruled that the Colorado constitutional provisions, the statute and the rules governing disciplinary actions in the state personnel system are violative of federal constitutional protections because they do not provide pre-dismissal hearings. A claim that the statute is unconstitutional does not give the judiciary the power under section 24-4-106(8) to interfere with an administrative agency in advance of its taking final action. Moore v. District Court, supra; Colorado Department of Revenue v. District Court in and for County of Adams, supra. The question of the constitutionality of the statute governing the personnel system proceedings or a claim that the proceeding violates due process are issues to be considered by the reviewing court after the executive has performed its function. Colorado State Board of Medical Examiners v. District Court, supra.[7]
We conclude that the respondent court did not have jurisdiction to enter an order staying Hirschfeld's dismissal while his appeal is pending before the board. The rule is made absolute, and the respondent court is directed to vacate the stay order.
NOTES
[1] Under section 39-4-101, C.R.S.1973, the State has the exclusive authority to assess public utilities.
[2] Hirschfeld was placed on administrative leave commencing March 17, 1981, and because of the district court's action staying his dismissal, he remains on administrative leave.
[3] Prior to his dismissal, Hirschfeld had been issued a "corrective action" on February 18, 1981, and a "disciplinary action" on February 24, 1981 for failing to comply with his supervisor's requests for specified information.
[4] Hirschfeld's petition alleges that his reputation will be severely damaged because he will lose his contacts with the business community, county assessors, and academic programs for which he has taught, and that he will have difficulty obtaining other employment.
[5] This contention is refuted by the court's postponement of Hirschfeld's dismissal "until ten days after final agency action by the board."
[6] Hirschfeld's appointing authority is his supervisor in the Division of Property Taxation.
[7] While our conclusion that the respondent court did not have jurisdiction to determine that due process requires a full hearing on the merits prior to dismissal disposes of the issue, we note a number of Colorado cases holding that a post-termination hearing is adequate to satisfy due process. Harrison v. City and County of Denver, 175 Colo. 249, 487 P.2d 373 (1971); Cain v. Civil Service Commission, 159 Colo. 360, 411 P.2d 778 (1966); Harris v. Owen, 39 Colo.App. 494, 570 P.2d 26 (1977); see also Shumate v. State Personnel Board, 34 Colo. App. 393, 528 P.2d 404 (1974).