Glenn L. CHONOSKI, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendants-Appellees.

No. 83CA0899.

Colorado Court of Appeals, Div. I.

March 14, 1985.

C.R.S. (1978 & 1984 Supp.); § 18–3–301, 8 C.R.S. (1978); § 18–3–402, 8 C.R.S. (1978 & 1984 Supp.).

Timothy J. Vander Heide, Charles E. Morphew, Roy G. Olson, Jr., Golden, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, Glenn L. Chonoski, appeals from an order of the trial court dismissing his complaint. He contends that the trial court erred in refusing to enjoin the defendant, the Department of Revenue (department) from conducting a hearing under the implied consent law. We affirm.

On May 5, 1983, Chonoski filed a complaint in the district court requesting that the court prohibit the department from conducting further proceedings concerning revocation of his driver's license. The complaint predicated the court's jurisdiction on § 24-4-106, C.R.S. (1982 Repl.Vol. 10), but Chonoski also obtained a citation pursuant to C.R.C.P. 106(a)(4).

The complaint alleged that the department held a driver's license revocation hearing on April 11, 1983. However, the hearing officer dismissed the case "without prejudice" because the police officer had not properly sworn to an affidavit stating his reasonable grounds to believe defendant had been driving under the influence and stating defendant's refusal to submit to a blood alcohol determination test. Chonoski alleged that a second hearing was not permitted by the statute, and would violate his right to due process of law.

The department filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1) and (5). The motion asserted that the trial court lacked jurisdiction to restrain the department from performing its statutory duty, and that this court had expressly authorized the procedure employed by the hearing officer in *McBride v. Department of Revenue,* 626 P.2d 760 (Colo.App.1981). The trial court dismissed the action on both grounds.

Chonoski, citing Colo.Sess.Laws 1982, ch. 166, § 42-4-1202(3)(e) at 595, 596, contends that when the hearing officer declined to admit the police report, the hearing was "terminated" and no further action was permitted. We do not reach the merits of this argument because, upon review of the complaint, we agree with the trial court's conclusion that it lacked jurisdiction. *See Fort Collins-Loveland Water District v. City of Fort Collins,* 174 Colo. 79, 482 P.2d 986 (1971).

■ Trial courts lack jurisdiction to enjoin administrative agencies from performing their statutory functions. *State Board of Cosmetology v. District Court,* 187 Colo. 175, 530 P.2d 1278 (1975). Premature judicial interference, whether predicated on C.R.C.P. 106 or § 24-4-106(8), C.R.S. (1982 Repl.Vol. 10), violates the principle of separation of powers. *State Personnel Board v. District Court,* 637 P.2d 333 (Colo.1981); *Colorado State Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502 (1958).

■ Here, Chonoski does not attack the jurisdiction of the department to determine, in the first instance, whether to revoke his license. In fact, the department's authority is beyond dispute. *See Colorado Department of Revenue v. District Court,* 172 Colo. 144, 470 P.2d 864 (1970). The question whether a second hearing would violate the statutory procedure or principles of due process is a matter to be considered on direct review after the department takes final action. *State Personnel Board v. District Court, supra.*

Order affirmed.

PIERCE and SMITH, JJ., concur.