**Gerald F. TUGGLE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 86–229.

Supreme Court of Wyoming.

March 6, 1987.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Robert A. Spence, Student Intern, Cheyenne, for appellee.

Wyoming Public Defender Program, Leonard D. Munker, Public Defender, Wyoming Defender Aid Program, Gerald M. Gallivan, Director, and Denice E. Moewes, Intern, Laramie, for appellant.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Gerald Fay Tuggle pled guilty on May 28, 1986, to two counts of aggravated assault and battery in violation of § 6–2–502(a)(iii), W.S.1977 (Cum.Supp. 1986).[1] The court sentenced Tuggle to the Wyoming State Penitentiary for not less than seven and one-half years and not more than ten years on each count, to be served consecutively.

---

1. Section 6–2–502(a) reads:
    "(a) A person is guilty of aggravated assault and battery if he:
    "(i) Causes serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
    "(ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;
    "(iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another; or
    "(iv) Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.
    "(b) Aggravated assault and battery is a felony punishable by imprisonment for not more than ten (10) years."

Appellant urges one issue on appeal. The issue simply stated is whether the consecutive sentences violate the double jeopardy clause of the Fifth Amendment of the United States Constitution, and Art. 1, § 11 of the Wyoming Constitution.

We will affirm.

On November 5, 1985, following a break-up between appellant and his girlfriend and victim, Janet Wells, appellant Tuggle appeared at King & King law offices, Ms. Wells' place of employment. He then threatened her with a drawn rifle. During this confrontation Brett King stepped out of his office into the reception area where Ms. Wells sat and also was confronted by appellant brandishing the rifle. Mr. King was told by appellant to leave, so he promptly backed out of the office building and crossed the street to dial 911. Appellant held Ms. Wells captive for close to an hour and one-half, after which he released her unharmed and gave himself up to the authorities.

Appellant was charged with one count of kidnapping under §§ 6–2–201(a)(ii) and 6–2–201(a)(iii), W.S.1977 (June 1983 Replacement); two counts of aggravated assault and battery under § 6–2–502(a)(iii), W.S. 1977 (June 1983 Replacement), and one count of habitual criminal under §§ 6–10–201(a)(i) and 6–10–201(a)(ii), W.S.1977 (June 1983 Replacement). Originally Tuggle pled not guilty to all four counts. Later, pursuant to a plea bargain, appellant changed his plea to guilty on two counts of aggravated assault and battery and the other counts were dismissed. Initially, appellant was sentenced to the Wyoming State Penitentiary for not less than fifteen years and no more than twenty years on each count of aggravated assault with the terms to run concurrently. However, it was later pointed out to the court that the maximum number of years that one can be sentenced under the aggravated assault and battery statute is ten years. The court recognized its mistake and resentenced the defendant to a minimum of seven and one-half years and a maximum of ten years on each count to be served consecutively.

Appellant's argument is based upon the Fifth Amendment of the United States Constitution and Art. 1, § 11 of the Wyoming Constitution. Both of these sections refer to the prohibition of any defendant being "twice put in jeopardy of life or limb" for the same offense. The double jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, serves three purposes. First, it protects the accused against a second prosecution for the same offense after an acquittal. Second, it protects against a second prosecution for the same offense after conviction. Third, it protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). It is only the third constitutional guarantee which is under consideration here.

Appellant contends that by serving consecutive sentences he is being punished twice for a single offense. The suggested single offense consists of his acts of assaulting both Ms. Wells and Mr. King on November 5, 1985. Appellant urges this court to consider the two assaults as a "single transaction," and therefore only deserving of a single punishment. In support of his contention, appellant cites *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

However, the tests described in *Blockburger v. United States*, supra, do not support appellant's contention. Appellant quotes:

" * * * [T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. * * * " 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

This test applies to a defendant who committed one act which violates two different and separate statutes or provisions. The *Blockburger* court had determined that because the defendant committed one act, he should not be able to be punished for the violation of both statutes or provisions. This would be a violation of his double

jeopardy protection under the United States Constitution.

The circumstances of appellant before this court are very different. He committed two separate acts against two different individuals, each of which violated a single criminal statute. For these two acts he was separately sentenced, the sentences to be served consecutively.

The *Blockburger* court dealt with this situation also. It said simply, " * * * [t]he test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then *each* act is punishable separately. * * * If the latter, there can be but one penalty." (Emphasis added, citing Wharton's Criminal Law, § 34, n. 3 (11th Ed.)) 284 U.S. at 302, 52 S.Ct. at 181, 76 L.Ed. at 308.

Appellant was charged with and pled guilty to two counts of aggravated assault and battery. One assault was against Ms. Wells; the other against Mr. King. Therefore, the facts needed to prove each element of the "act" of assault against Ms. Wells would necessarily be different than those facts needed to prove each element of the "act" of assault against Mr. King. Thus, under the second *Blockburger* test, "each is punishable separately," because it is the *act* itself that is prohibited.

Appellant goes on to contend that a court cannot punish beyond what the legislature has provided. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); and *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). This court has previously stated that the legislative intent was clear when it used a singular noun in a similar type statute. "It must be noted that 'any human being' is in the singular and there is no indication that the defendant can get a bargain rate if he assaults a group of human beings." *Vigil v. State*, Wyo., 563 P.2d 1344, 1351 (1977).[2] "Another," as

used in § 6–2–502, W.S.1977 (Cum.Supp. 1986) (our footnote 1), is a singular term and thus means each time "another" is affected by said crime, it is a separate offense. The obvious intent of the legislature was to protect each individual.

Every case cited by appellant in support of his contention that when there is a single transaction which violates two statutes the offender should not receive a penalty for each offense because the offenses merge, can be distinguished from the case before us. All of those cases were crimes against property, society, or a single victim; therefore, they are not controlling here.

Only the case of *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), which appellant cites, has two victims. This case is distinguishable also. There, the Court looked at the language of the statute: "Whoever forcibly assaults, resists, opposes, impedes, intimidates or interferes with federal officers engaged in official duties" could be punished. 358 U.S. at 176, 79 S.Ct. at 213, 3 L.Ed.2d at 204. Because the statute included activities that did not put officers in personal danger, the court said the legislative intent was vague as to whether cumulative punishment could be given. Additionally, the evidence in the record was scant as to whether the defendant shot his weapon only once. Thus, if the defendant turned and shot once, wounding two officers, he committed only one offense under this United States statute. Because the legislative intent for punishment was vague, the court decided leniency should rule. The Supreme Court, however, did remand the case to hear evidence upon the number of shots fired, therefore inferring if two shots were fired and two officers wounded, cumulative punishment could be administered. The main concern of the United States Supreme Court was the ambiguity of the statute. The statute before

---

2.  *Vigil v. State*, Wyo., 563 P.2d 1344 (1977), contains a very complete discussion of cases which allowed multiple charging of offenses, trials on multiple offenses, and multiple punishment on multiple offenses. It also discussed concern with the number of victims for crimes such as rape, murder and assault. It is therefore unnecessary to go into similar historical detail for the case here.

this court is not vague nor ambiguous, and therefore the leniency rule need not be applied.

Many of the states surrounding Wyoming have considered this question now before the court. Each have flatly stated that where there are two victims the crime against each victim is a separately punishable crime if no legislative prohibition exists. E.g., *People v. Anderson*, 187 Colo. 177, 529 P.2d 310, 312 (1974); and *State v.*

*Bradley*, 215 Kan. 642, 527 P.2d 988, 993 (1974). Thus, after reading the Wyoming statute, it is our opinion that Wyoming should also follow this rule.

Affirmed.