No. 26138

John P. Moore, Attorney General of the State of Colorado, and The Colorado State Board of Pharmacy, and Charles R. Peterson, Margie C. Thompson, Conrad J. Stevens, Robert E. Doyle and Seldon O. Jeffers, all members of the Colorado State Board of Pharmacy v. The District Court in and for the City and County of Denver, and the Honorable John Brooks, Jr. and Robert T. Kingsley

(518 P.2d 948)

Decided January 28, 1974.      Rehearing denied February 19, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, William Tucker, Assistant, for petitioners.

Ireland, Stapleton, Pryor & Holmes, P.C., Benjamin F. Stapleton, Hardin Holmes, William G. Imig, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding brought pursuant to C.A.R. 21. We issued our rule to show cause why the relief prayed for in the petition should not be granted. We now make the rule absolute.

Dillon Companies, Inc., a Kansas corporation, doing business as King Soopers, Inc. (King Soopers), commenced an action in the Denver district court for a declaratory judgment and injunctive relief, praying that the court declare unconstitutional and restrain the enforcement of Rules 5 and 6 of section 48-1-2(d).1 of the rules and regulations of the Colorado State Board of Pharmacy (Board), which had been interpreted to prohibit advertising of prices of prescription drugs and medicines.

The trial court entered a temporary restraining order on July 27, 1973, restraining the Board "from taking, or threatening to take, any punitive, retaliatory, or other action against plaintiff or plaintiff's pharmacy employees, agents or representatives motivated by or on account of plaintiff's course of action in making available to its customers and the

public, information as to prescription drugs and medicine prices." After a hearing and argument on August 7, 1973, the court denied the Board's motion to dismiss and dissolve the restraining order, and granted King Soopers' motion for a preliminary injunction, whereupon this original proceeding was commenced by petitioners.

The trial court did not reach the merits of the alleged unconstitutionality of the above rules under King Soopers' claim for declaratory relief and that issue is not before us.

The question here is whether the district court was proceeding without or in excess of its jurisdiction in restraining the Board from enforcing the rules under consideration.

The Colorado State Board of Pharmacy is an administrative agency and pursuant to statutory rule-making authority it conducted hearings and adopted rules in accordance with the Administrative Code, among which were Rules 5 and 6. This declaratory judgment and injunction action was commenced July 27, 1973, approximately four years after the adoption of the rules in question.

The record further shows that King Soopers owns and operates approximately twenty-two licensed pharmacies within Colorado, and sells a variety of drugs and medicines that are available for purchase at other competing pharmacies. The complaint alleged that most of the prescription drugs and medicines dispensed by King Soopers were sold at prices generally lower than those prevailing at other drug stores.

On July 27, 1973, King Soopers announced its intention to the Board to advertise to the public, commencing July 29, its prescription drug and medicine prices. The Board, by resolution adopted by its members, advised King Soopers that making public information concerning its drug and medicine prices would violate Rules 5 and 6 of the Board's rules and regulations, and that the Board intended to enforce its rules by suspension of pharmacy licenses if King Soopers proceeded with its planned advertising program. Specific authorization to impose such sanctions is found in 1969

Perm. Supp., C.R.S. 1963, 48-1-3(1)(d). This position of the Board precipitated the district court action to enjoin the Board from enforcing the rules and to have them declared unconstitutional.

The record is clear that the Board had not instituted any administrative action or judicial proceeding to restrain King Soopers from carrying out its advertising program at the time King Soopers commenced this action against the Board. It is also clear that King Soopers had not in the past been advertising its prescription drug and medicine prices and that its intention to do so was prospective only.

■ As an administrative agency statutorily created and endowed with specific enumerated powers and duties delegated pursuant to the police power of the state, the Board's exercise of those powers within the scope of its authority is entitled to a presumption of validity and constitutionality. *Hynes v. Grimes Packing Co.,* 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231; *P.U.C. v. Dist. Court,* 163 Colo. 462, 431 P.2d 773; *Asphalt Paving v. County Com.,* 162 Colo. 254, 425 P.2d 289; *Geer v. Susman,* 134 Colo. 6, 298 P.2d 948. Here, specific authority is delegated to make rules and regulations as may be necessary for the regulation of the practice of pharmacy and the lawful performance of the duties of the Board, including the regulation of the sale of drugs and medicines. C.R.S. 1963, 48-1-2(1)(d) and (e). The presumption of validity of the rules regularly promulgated is not to be lightly cast aside by mere allegations in a complaint of unconstitutionality, and the burden is upon the party challenging the constitutionality to establish by a clear and convincing showing beyond a reasonable doubt the asserted invalidity. This requires more than a mere assertion of a claim.

■ In the posture of this case, where there has been no judicial declaration of invalidity, we find an unlawful judicial restraint by injunction imposed upon the Board's proper function of enforcing its rules and regulations, regularly adopted after notice and hearing, and from which judicial review was never pursued as provided by the Administrative

Code. 1969 Perm. Supp., C.R.S. 1963, 3-16-5.

This Court has reiterated on numerous occasions the general rule that district courts do not have jurisdiction to interfere with the executive branch of the government in the performance of its statutory duties. *Dept. of Revenue v. Dist. Ct.,* 172 Colo. 144, 470 P.2d 864; *People ex rel. Heckers v. Dist. Ct.,* 170 Colo. 533, 463 P.2d 310; *People v. Dist. Ct.,* 167 Colo. 162, 445 P.2d 887; *Board v. District Court,* 138 Colo. 227, 331 P.2d 502. *See also, Lorance v. Bd. Ex. Architects,* 31 Colo. App. 332, 505 P.2d 47.

In *Board v. District Court, supra,* it was specifically pointed out that a claim of unconstitutionality will not clothe the judiciary with the power to interfere with an administrative agency in advance of its taking final action. Such is the purport of the Administrative Code, section 3-16-5. This interpretation is in accord with a multitude of decisions, both federal and state. For a general discussion of the doctrine of "Ripeness for Review," see: Vining, *Direct Judicial Review and the Doctrine of Ripeness in Administrative Law,* 69 Mich. L. Rev. 1443 (1971).

Although King Soopers argues in the present case that the resolution of the Board was final agency action within the purview of the Administrative Code, we do not agree. There was no proceeding pending before the Board but rather an informal conference at which King Soopers outlined its proposed price advertising program concerning which discussions were held as to the propriety of putting the program into effect in view of the rules the agency previously had adopted. The Board's announcement was advisory only as a statement of its intention to enforce its rules.

King Soopers argues that the case is controlled by *State Board v. Dixon,* 165 Colo. 488, 440 P.2d 287. There, although the court recognized the general rule which we apply here, the regulation attacked was judicially restrained within sixty days of its effective date, as contrasted with the attack on the rules here made approximately four years after their adoption. 1969 Perm. Supp., C.R.S. 1963, 3-16-5(4).

Finally, it is argued that the preliminary injunction was

authorized under section 3-16-5(8) of the Administrative Code, which provides:

"Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency. * * *"

The trial court did not make any findings that the conduct of the Board was "clearly beyond the constitutional or statutory jurisdiction or authority" of the Board. Indeed, there is no evidence in the record to support such findings.

It is universally recognized that the state has authority under the police power for the protection of the public health and welfare to regulate the practice of pharmacy and the sale of drugs; and to delegate to an administrative agency the power and authority to adopt rules and regulations and provide for their enforcement. 25 Am. Jur. 2d *Drugs, Narcotics and Poisons* § § 7, 10. Contrary to King Soopers' contention, we conclude that the Board's proposed enforcement of its rules is clearly within its constitutional or statutory jurisdiction or authority. Thus, the judicial restraint imposed by the trial court finds no support under this section of the statute.

Our decision does not prohibit the trial court from proceeding to trial on the merits of King Soopers' complaint for declaratory relief.

The rule is made absolute as to the preliminary injunction entered by the court. The cause is remanded to the trial court with directions to vacate the preliminary injunction and for further proceedings consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.