John J. PESHEL, Plaintiff-Appellant,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellee.

No. 79CA0005.

Colorado Court of Appeals, Div. I.

July 19, 1979.

Rehearing Denied Aug. 16, 1979.

Certiorari Denied Nov. 5, 1979.

Thomas E. Croak, Longmont, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant-appellee.

COYTE, Judge.

Plaintiff filed this action for judicial review of an order of the Department of Revenue denying the issuance of a probationary driver's license. The district court upheld the order of the department, and we affirm.

A department of revenue hearing officer suspended plaintiff's driver's license for one year. This action for judicial review focuses only on the factors considered by the hearing officer in deciding to deny plaintiff's request for a probationary license.

■ The first argument raised by plaintiff is that *Department of Revenue Regulation* 2–123.11 governing license suspensions and probationary licenses exceeds the statutory authority of the department because it allows the hearing officer to consider the licensee's record for a period of seven years.

Because § 42–2–123, C.R.S.1973, sets 24 months as the maximum period for which point accumulations are to be examined in determining whether a license should be suspended, plaintiff argues that, relative to a request for a probationary license, the department is precluded from considering violations occurring more than two years prior to the hearing thereon. We disagree.

Section 42–2–123, C.R.S.1973, does not limit the department's inquiry for purposes of granting probationary licenses. The department was given considerable discretion by the General Assembly "to utilize its expertise in determining what specific facts may be relevant to granting or denying probationary drivers' licenses." *Elizondo v. State,* Colo., 570 P.2d 518 (1977).

■ The validity of a regulation depends upon whether it is reasonably related to a legitimate use of state authority, and the burden of establishing unreasonableness is upon the party challenging the regulation. *4–D Brothers, Inc. v. Heckers,* 33 Colo.App. 421, 522 P.2d 749 (1974). The General Assembly has deemed the seven-year period relevant for some drivers' license revocation purposes, *see* § 42–2–202, C.R.S.1973, and has not set a time limit for probationary license purposes. Since agency regulations are entitled to a presumption of validity, *Moore v. District Court,* 184 Colo. 63, 518 P.2d 948 (1974), we cannot say that the department exceeded its authority by selecting seven years as the relevant period for probationary license requests. *See Edwards v. State,* Colo.App., 592 P.2d 1345 (1978).

■ The plaintiff contends that the hearing officer was required to make a specific finding that plaintiff was "not a fit person to operate a motor vehicle." Although Regulation 2–123.11 requires the hearing officer to make specific findings of his reasons for suspension and the denial of a probationary license, it does not mandate a general finding about fitness. The hearing officer's findings concerning the aggravating and mitigating circumstances listed in the regulation are sufficient to uphold his order without a finding as to fitness.

Finally, the plaintiff contends that the hearing officer improperly considered violations with which plaintiff was charged, in addition to those of which he was convicted. The record reveals that the officer listed both charges and convictions in reviewing the correctness of plaintiff's record, but there is no evidence that these charges were actually considered by the hearing officer in ruling upon suspension and a probationary license. On the contrary, the hearing officer's later statements affirmatively indicate that he considered only convictions.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.