Dr. Dalrie **BERG**, Plaintiff-Appellant,

v.

**COLORADO STATE DEPARTMENT OF SOCIAL SERVICES, and David A. Sorenson, Hearing Officer, Defendants-Appellees.**

No. 84CA0034.

Colorado Court of Appeals, Div. I.

Dec. 13, 1984.

Gunther & Westlund, P.C., Roger W. Westlund, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Joyce K. Herr, Asst. Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

This case arises from the denial of Medicaid claims submitted by Dr. Dalrie Berg (Dr. Berg), to the Colorado State Department of Social Services (the Department). The denial of these payments was appealed to the district court, under the Administrative Procedure Act. The court affirmed the Department's ruling. We affirm.

Dr. Berg is a licensed doctor of osteopathy and was qualified to submit claims to the Department under the Colorado Medical Assistance Act, § 26–4–101, et seq., C.R.S. Under § 26–4–104 and § 26–4–110(1), C.R.S., the Department is allowed to promulgate regulations to control the processing of Medicaid claims. Under this authority, the Department adopted a rule which requires parties filing claims to submit them and the necessary documentation within 180 days from the date which the person making the claim rendered medical service to a patient. 10 Code Colo.Reg. 2505–10, 8.043.01, and 8.043.02. The claims which are in dispute here and their documentation were not submitted to the Department within the 180-day limitation.

I.

Dr. Berg's first contention, raised only in the district court and here, is that, under the Fifth Amendment to the United

States and its equivalent in the Colorado Constitution, the regulation is facially unconstitutional and is also unconstitutional as applied to the facts in this case. We disagree.

In *Peshel v. Motor Vehicle Division*, 43 Colo.App. 58, 602 P.2d 875 (1979), the court said:

> "The validity of a regulation depends upon whether it is reasonably related to a legitimate use of statute authority, and the burden of establishing unreasonableness is upon the party challenging the regulation."

The regulation is not ambiguous, and there is nothing in the record of this case which would indicate that 180 days is not an adequate period of time within which the provider of services should fully present his claim. The record further demonstrates that such a time limit is necessary for the Department to complete its filing requirements with the federal government in order to obtain reimbursement under the Federal Social Security Act. *See* 42 C.F.R. §§ 447.45(d)(1) and (5).

Hence, the regulation is reasonable and necessary for the state to administer this program, and Dr. Berg has failed to demonstrate that it does not meet constitutional muster.

## II.

 Dr. Berg also contends that the claims in question fall within the provision of regulation 8.043.01 permitting an exception to the 180-day time limit for "extraordinary reasons beyond the provider's control." The only reason given for the failure to file the claims timely was that a former employee of Dr. Berg had neglected to make the timely filings. The record also shows that Dr. Berg was given weekly reports by the Department as to which claims had been properly filed. Under these circumstances, it was proper for the Department to determine that there were no extraordinary reasons beyond Dr. Berg's control that would excuse his failure to file the claims in a timely manner.

The other allegations of error are without merit.

The judgment is affirmed.

STERNBERG and BABCOCK, JJ., concur.