**CITY AND COUNTY OF DENVER, State of Colorado; Board of Equalization of the City and County of Denver; and Alan N. Charnes, in his official capacity as ex officio Assessor, Plaintiffs–Appellants,**

**v.**

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO; Regis Jesuit Holding, Inc.; K–Mart Corporation; and S.S. Kresge Co., Defendants–Appellees.**

No. 89CA0305.

Colorado Court of Appeals, Div. II.

April 12, 1990.

Rehearing Denied May 10, 1990.

Certiorari Denied Dec. 17, 1990.

Stephen H. Kaplan, City Atty., Donald E. Wilson, Katharine K. DuVivier, Karen A. Aviles, Asst. City Attys., Denver, for plaintiffs-appellants.

Weiner and Schiller, P.C., Lee E. Schiller, Mark E. May, Englewood, for Regis Jesuit Holding, Inc., and S.S. Kresge Co., d/b/a K–Mart Corp.

Opinion by Judge SMITH.

This property tax case arises out of the 1987 tax year valuation for tax purposes of a K–Mart store located in the City and County of Denver. The Denver assessor used the capitalization of income approach to value based upon prevailing market value rents and vacancy rates. The owner also used the income approach based, however, on actual lease payments, and supported its opinion of value by the market data approach based on a recent comparable sale.

The property owner appealed the assessor's valuation to the Board of Assessment Appeals (BOAA) and the board found in its favor and reduced the assessed valuation. Denver filed a "Request for Recommendation Concerning Matter of Statewide Concern" with the BOAA which was denied. Denver then filed an action in the district court seeking judicial review of both the substantive assessment issues and the Board's determination of statewide concern and significant decrease of county valuation. The trial court, without any findings and by a general conclusion, affirmed all of the findings of the BOAA. On appeal by Denver, we affirm.

As a threshold matter, we must determine what issues are properly before this court. We conclude that only the determination of the BOAA that this case does not involve a matter of statewide concern and that the assessment in question does not result if a substantial decrease in the overall county evaluation are proper issues for judicial review. The other substantive issues concerning the propriety of the assessment itself are not before us on this review.

The right to judicial review of BOAA action is not an absolute right; rather, it is limited to certain specific circumstances. Colo.Sess.Laws 1985, ch. 303, § 39–8–108(2) at 1230, in effect at the time states:

"If the decision of the board is against the respondent, the respondent, upon the recommendation of the board that it is either a matter of statewide concern or has resulted in a significant decrease in the total assessed valuation of the respondent county, may within thirty days after such decision, petition the district court of the county in which the property is located for judicial review pursuant to section 24–4–106 C.R.S. If the board does not recommend its decision to be a matter of statewide concern or to have resulted in a significant decrease in the total assessed valuation of the respondent county, the respondent may petition the district court of the county in which the property is located for judicial review of such question pursuant to section 24–

4–106, C.R.S., within thirty days of such decision."

There are no Colorado property tax cases defining statewide concern in this context or what constitutes a significant decrease in the total assessed valuation of a county under the tax statute. For guidance, plaintiffs refer to BOAA Rule 25, which provides criteria to apply in making these determinations. However, that rule was not in effect at the time of the BOAA's ruling and, thus, provides little help to us in this regard.

We therefore turn to §§ 24–4–106(7) and (11), C.R.S. (1988 Repl.Vol. 10A) for the proper standard of review of agency action. Section 24–4–106(7) provides in pertinent part:

"If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege or immunity, in excess of statutory jurisdiction, authority, purposes or limitations, not in accord with the procedures or procedural limitations of this article, or is otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order or rule under review...."

█ The interpretation of the statute by the agency charged with enforcement of that statute is entitled to great deference. *Ingram v. Cooper*, 698 P.2d 1314 (Colo. 1985). Also, when an administrative agency is acting within the scope of its authority, it is presumed to make valid and constitutional decisions. *Moore v. District Court*, 184 Colo. 63, 518 P.2d 948 (Colo. 1974).

█ Moreover, unbridled access to judicial review of agency decision making is not the intent of the Colorado Administrative Procedure Act. *Moore v. District*

*Court, supra.* We may only set aside a decision of an administrative agency on the grounds that it is arbitrary and capricious or it is unsupported by any competent evidence. *Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (Colo.1978).

BOAA decisions have been expressly held to be subject to this rule and, thus, may not be set aside unless unsupported by any competent evidence. *Board of Assessment Appeals v. Colorado Arlberg Club*, 762 P.2d 146 (Colo.1988); *Board of County Commissioners v. Colorado Board of Assessment Appeals*, 628 P.2d 156 (Colo.App. 1981); § 24–4–106(11), C.R.S. (1988 Repl. Vol. 10A).

The BOAA is uniquely qualified by experience to determine what constitutes a matter of statewide concern or results in a significant decrease in the assessed value of property in a given county.

█ A review of the record shows that the BOAA, the factfinder, heard all of the evidence and applied its specialized knowledge and experience in its initial decision concerning valuation. After that determination, the BOAA likewise determined from the same evidence that the case did not involve a matter of statewide concern, nor did it result in a significant decrease in the total assessed valuation of Denver County.

We cannot agree with Denver that the petition should have been granted because of a resultant significant decrease in the total assessed valuation for Denver County. Upon examination of the record, we agree with the BOAA that the valuation reduction here has an inconsequential effect on the entire tax base of the County of Denver. Likewise, based on the record, we agree with the BOAA ruling that the matter was not one of statewide concern.

Since we conclude that the BOAA's ruling that the case does not involve a matter of statewide concern or result in a significant decrease in the total assessed valuation of Denver County is correct, and is supported by the evidence, no judicial re-

view of the specific assessment is authorized at either the trial or appellate level.

Judgment affirmed.

MARQUEZ and DUBOFSKY, JJ., concur.