**CROCOG COMPANY, a partnership, Plaintiff–Appellant,**

v.

**ARAPAHOE COUNTY BOARD OF EQUALIZATION, Board of Assessment Appeals, and Joseph F. Marceny, Arapahoe County Assessor, Defendants–Appellees.**

No. 89CA1601.

Colorado Court of Appeals, Div. V.

Dec. 6, 1990.

Rehearing Denied Jan. 17, 1991.

Certiorari Denied July 29, 1991.

 

Cogswell and Eggleston, P.C., John M. Cogswell, Denver, for plaintiff-appellant.

Peter Lawrence Vana III, County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge HUME.

Plaintiff, Crocog Company, appeals an order of the district court that affirmed the decision of the Board of Assessment Appeals (BAA) denying Crocog's challenge to the assessment of a 9.495-acre parcel of real property for taxation. We affirm.

The Arapahoe County Assessor valued Crocog's property at $10 per square foot for tax assessment purposes in 1987. Crocog protested the assessment and exhausted its administrative appellate remedies through the County Board of Equalization (BOE) and the BAA before appealing the latter decision to the district court pursuant to Colo.Sess.Laws 1985, ch. 302 and 303, amending § 39-8-108(2) at 1229 & 1230 and § 24-4-106(4), C.R.S. (1988 Repl. Vol. 10A).

The record before us does not disclose the basis of Crocog's protest as presented to the assessor. However, in its petition for appeal to the BOE, Crocog submitted additional market data concerning sales of fourteen other parcels of property, contending that they were comparable to the parcel in question, as evidence of market value that supported a reduction in assessed valuation to $4.50 per square foot.

Alternatively, Crocog asserted that land owned by another entity "with identical zoning and characteristics" which was in close proximity to the subject property had been valued by the Arapahoe County Assessor at $25,000 per acre (approximately 57 cents per square foot). Crocog argued to the BOE that:

"The inequitable treatment by the Assessor must be rectified either by reducing the value of the subject property to $25,-000 per acre or by valuing the property

according to [Crocog's] market approach."

After considering Crocog's petition and the information appended thereto, the BOE adjusted and reduced the assessed valuation for the parcel in question to $5 per square foot. The BOE did not specify any bases for the adjustment it ordered.

In appealing the BOE's decision to the BAA, Crocog conceded that the adjusted assessment fairly, accurately, and correctly reflected the actual market value of its property. Crocog argued, however, that the BOE had failed to carry out its statutory and constitutionally mandated duty to adjust assessments so as to equalize valuations of similar property within the county.

Crocog offered to present evidence before the BAA indicating that the Arapahoe County Assessor had assessed adjacent similar property at 57 cents per square foot in 1987. The county attorney and the assessor's land representative acknowledged that, because of a clerical error in the assessor's office, the neighboring property had been assessed at 57 cents per square foot for tax year 1987. All parties agreed that, for tax year 1988, the neighboring property had been reassessed at a value higher than $5 per square foot. The BAA rejected Crocog's offer of proof and affirmed the BOE's adjusted valuation.

Crocog then appealed to the district court, contending that the BAA had erred in rejecting its offer and in refusing to order either the reassessment of its property for 1987 at 57 cents per square foot or the reassessment of the neighboring property at a level commensurate with the assessment of the subject property for tax year 1987. It continues to argue those contentions in this appeal.

Colo. Const. art. X, § 15(1)(a) provides for the creation of county boards of equalization to raise, lower, adjust, and equalize valuations for assessment of taxes upon real property located within their respective boundaries. Section 39–8–102(1), C.R.S. (1982 Repl.Vol. 16B), provides that:

"The county board of equalization shall review the valuations for assessment of all taxable property appearing in the assessment roll of the county ... [and] shall correct any errors made by the assessor; and, whenever in its judgment justice and right so require, it shall raise, lower, or adjust any valuation for assessment ... to the end that all valuations for assessment of property are just and equalized within the county."

Crocog contends that the BOE abused its discretion in refusing to adjust the valuation of its property to equal that of the neighboring property. It also contends that the BAA and the district court likewise erred, acting respectively as the *de novo* reviewing agency and reviewing court, in refusing to order that the error reflected in the 1987 assessment roll be corrected. We disagree.

Colo. Const. art. X, § 3(1)(a) requires that:

"The actual value of all real ... property ... shall be determined under general laws, which shall prescribe such methods and regulations as shall secure just and equalized valuations for assessments.... Valuations ... shall be based on appraisals by assessing officers to determine the actual value of property in accordance with provisions of law, which laws shall provide that actual value be determined by appropriate consideration of cost approach, market approach, and income approach to appraisal...."

Section 39–1–103(5)(a), C.R.S. (1990 Cum. Supp.) similarly requires that the actual value of all real property be appraised by the assessor's consideration of cost, market, and income approaches as may be appropriate. *See Leavell–Rio Grande Central Associates v. Board of Assessment Appeals,* 753 P.2d 797 (Colo.App.1988).

Thus, while equalization of the basis for taxation is the end sought to be achieved by uniform laws and by uniform means and methods of assessment, perfect uniformity in actual assessment is not required either under the constitution or the statute. *See American Mobile Home Ass'n v. Dolan,* 191 Colo. 433, 553 P.2d 758 (1976).

■ Here, the record does not reflect that the BOE ignored its responsibility to strive for equalization. To the contrary, that body reduced the valuation of Crocog's property after considering the appeal petition. In addition, the erroneous valuation of the neighboring property was apparently corrected for the following tax year. Based upon the record before us, we are unable to perceive willful misconduct, or an abuse of discretion in the actions of the assessor, the BOE, or the BAA as they related to the assessment of Crocog's property.

Insofar as the adjusted assessment of Crocog's property is conceded to be a proper reflection of its actual value as determined by application of state statutes and regulations, no adjustment is required. Indeed, a countywide adjustment to conform all similarly situated property in Arapahoe County to one erroneous assessment in that county would undermine the very principles of statewide equalization upon which Crocog relies. *See generally Board of Assessment Appeals v. Sonnenberg & Sons, Inc.*, 797 P.2d 27 (Colo.1990).

■ To the extent that Crocog seeks an order mandating reassessment of the parcel erroneously assessed, he is without standing to pursue, and we are without authority to render, such relief. *See Friends of Chamber Music v. Denver*, 696 P.2d 309 (Colo.1985); *Citizens' Committee for Fair Property Taxation v. Warner*, 127 Colo. 121, 254 P.2d 1005 (1953).

The order is affirmed.

STERNBERG C.J., and JONES, J., concur.