**Robert E. PURCELL, Petitioner–Appellant,**

v.

**COLORADO DIVISION OF GAMING, Appellee.**

**No. 95CA1756.**

Colorado Court of Appeals, Div. II.

Aug. 8, 1996.

Robert E. Purcell, pro se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Thomas D. Fears, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge KAPELKE.

Plaintiff, Robert E. Purcell, appeals from an order of the Colorado Limited Gaming Control Commission (the Commission) denying his petition for a declaratory order. We affirm.

In 1993, plaintiff petitioned the Colorado Division of Gaming (Division) and, ultimately, the Commission, for a determination whether a gaming device he sought to introduce, "21 Superbucks jackpot feature," was permitted under the statutory definition of "blackjack" set forth in § 12–47.1–103(4), C.R.S. (1991 Repl.Vol. 5B). The 21 Superbucks jackpot feature involves a progressive jackpot coin

acceptance and metering device. By placing a coin wager into the device before the deal of a blackjack hand, the blackjack player may win a sum based upon whether the combination of cards dealt to the player matches one of the qualifying 21 Superbucks card combinations.

Following denial of the petition by the Commission, plaintiff appealed to the district court, which dismissed the petition for lack of jurisdiction. A panel of this court affirmed that dismissal in *Purcell v. Colorado Division of Gaming*, 919 P.2d 905 (Colo.App. 1996) (*Purcell I*), holding that under § 12–47.1–521, C.R.S. (1991 Repl.Vol. 5B), the court of appeals, not the district court, has jurisdiction to review any final action of the Commission.

In the interim, plaintiff filed with the Commission a petition for a declaratory order authorizing the use of 21 Superbucks as a slot machine. The Commission, pursuant to Gaming Control Commission Rule 6, 1 Code Colo. Reg. 207–1 (1991), issued an order denying the petition.

Plaintiff appealed the Commission's denial to the district court and this court. The district court dismissed plaintiff's appeal on jurisdictional grounds, and a panel of this court affirmed that dismissal. *Purcell v. Colorado Division of Gaming*, (Colo.App. No. 96CA0060, June 27, 1996) (not selected for official publication).

## I.

In this appeal, plaintiff essentially contends that the Commission erred in denying his petition without an evidentiary hearing. For several reasons, we disagree.

■ First, there is no requirement, under the applicable statutes and rules, that the Commission hold an evidentiary hearing on plaintiff's petition. Petitions for declaratory orders are to be entertained by rule and in the agency's "sound discretion." *See* § 24–4–105(11) C.R.S. (1988 Repl.Vol. 10A). As noted in *Purcell I*, to satisfy this statutory requirement, the Commission has promulgated Gaming Control Commission Rule 6, concerning "Declaratory Orders." This rule does not require that the Commission hold

an evidentiary hearing before ruling on a petition. Rather, it provides, consistent with § 24–4–105(11), that the Commission "*may* request from the petitioner any additional information it requires for the issuance of its order." (emphasis added)

Additionally, the record reveals that facts relating to the operation of 21 Superbucks were fully developed in *Purcell I*. Indeed, the record shows that both plaintiff and the Division submitted to the Commission briefs with extensive attachments concerning the game. The attachments included, in addition to various texts on card games, a videotape on the operation of 21 Superbucks and a procedural manual outlining the game's rules and operation. Moreover, plaintiff was allowed to make an oral presentation to the Commission to provide information on the game's operation. Also, before it ruled on the second petition, the Commission questioned plaintiff regarding any change in the facts developed in *Purcell I*.

Finally, the record reveals that, in resolving plaintiff's second petition, the Commission specifically considered the record created in *Purcell I* and incorporated by reference the findings of fact, conclusions of law, and order in that case.

Under these circumstances, we conclude that the Commission did not abuse its discretion by denying plaintiff's second petition without an evidentiary hearing. *See* § 24–4–106(11)(e).

## II.

■ Plaintiff next contends that the Commission erred in concluding that 21 Superbucks does not constitute a legally permissible slot machine. Again, we disagree.

In reaching its conclusion, the Commission relied on its previous findings and conclusions in *Purcell I* that the 21 Superbucks "impermissibly combines mechanical devices with card games." In considering the petition at issue here, the Commission reiterated this conclusion, stating that "the game is neither blackjack nor slot machine, but a combination of both." Moreover, the Commission found and concluded that 21 Super-

bucks did not meet the requirements for a slot machine:

> [21 Superbucks'] payoff percentages are based on the odds of a card game, and not [on] the operation of a statistically validated mechanical device ... by which the state can determine and be assured by a reasonable probability, that the theoretical payoff of [21 Superbucks] is not less than 80%, and not greater than 100%.

We perceive no error in the Commission's analysis and conclusion based on our review of the definition of "slot machine" as set forth in the "Limited Gaming Act of 1991," § 12–47.1–101, et seq., C.R.S. (1991 Repl.Vol. 5B), and the Commission's regulation of slot machines as set forth in Gaming Control Commission Rule 12, 1 Code Colo. Reg. 207–1.

Section 12–47.1–103(26), C.R.S. (1991 Repl. Vol. 5B) specifically defines "slot machine" to mean a mechanical device which, upon the insertion of a coin, may entitle a player to cash. 21 Superbucks relies, however, not only on a coin or token, but also on the deal of a traditional blackjack hand. More specifically, however, there is no indication that the numerous express controls placed on slot machines under the detailed regulations in Rule 12 are a part of the operation of 21 Superbucks.

The Commission's conclusion that 21 Superbucks does not constitute a legally permissible slot machine game is supported by substantial evidence and is consistent with the Act and the applicable rules and regulations. *See* § 12–47.1–103(26); Gaming Control Commission Rule 12, 1 Code Colo. Reg. 207–1. Accordingly, there is no basis for this court to set aside the Commission's order. *See* § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

The order of the Commission is affirmed.

MARQUEZ and TURSI *, JJ., concur.