**Leonard H. AINSWORTH, Petitioner–Appellant,**

v.

**COLORADO LIMITED GAMING CONTROL COMMISSION and Colorado Division of Gaming, Respondents–Appellees.**

No. 00CA1424.

Colorado Court of Appeals, Div. I.

Oct. 11, 2001.

** Sitting by assignment of the Chief Justice under

provisions of the Colo. Const. art. VI, Sec. 5(3),

Certiorari Denied April 29, 2002. *

and § 24–51–1105, C.R.S.2000.

* Justice MULLARKEY would grant as to the following issues:

Whether an alleged de facto determination of unsuitability by the Division of Gaming constitutes an appealable agency action subject to judicial review pursuant to section 24-4-106, 7 C.R.S. (2001).

Whether a person is aggrieved and entitled to an adjudicatory hearing pursuant to Limited Gaming Regulation, 47.1-208, 1 Code Colo. Reg. 207-1, when it is alleged that the Division of Gaming rendered a de facto unsuitability determination that is not recognized by the limited gaming statutes and regulations, but the Commission has made no corresponding unsuitability determination.

Whether the court of appeals impermissibly substituted its judgment for that of the Gaming Commission on matters within the sound discretion of the Commission and whether the Commission's order dismissing Ainsworth's petition for an adjudicatory hering for failure to state a claim upon which relief could be granted was a valid exercise of the Gaming Commission's sound discretion.

Whether Ainsworth Petition failed to state a claim for declaratory relief absent a present, cognizable controversy and whether the court of appeals misapprehended the statutory scheme of the Colorado Limited Gaming Act.

770

Baker & Hostetler, L.L.P., Phillip S. Lorenzo, Rebecca C. Alexander, Steven A. Klenda, Denver, CO, for Petitioner–Appellant.

Ken Salazar, Attorney General, Ceri Williams, Assistant Attorney General, Denver, CO, for Respondents–Appellees.

Opinion by Judge NEY.

Petitioner, Leonard H. Ainsworth, appeals from an order of the Colorado Limited Gaming Control Commission (the Commission) dismissing his petition for an adjudicatory hearing or, in the alternative, request for declaratory judgment against the Colorado Division of Gaming (the Division). We affirm in part, set aside in part, and remand for an adjudicatory hearing.

Aristocrat, Inc., is an Australian slot machine manufacturer doing business in Colorado. In July 1997, the Commission issued a Notice of Denial against Aristocrat's manufacturer/distributor license. One of the grounds for the denial was an allegation of influence by persons, including petitioner, not approved for association with the company. This allegation was made pursuant to § 12–47.1–801(2), C.R.S.2001, which requires that those persons associated with an applicant must be persons of integrity, whose prior activities do not pose a threat to the control

of gaming or enhance the danger of improper practices or acts.

Petitioner filed a motion to intervene in the denial proceedings, which was denied. His appeal of that denial was pending when he entered into a Stipulation and Agreement (the agreement) with the Division, "in lieu of other proceedings by which [petitioner] might seek to prove his suitability for association with [Aristocrat], including a hearing before the Commission to determine the merits of such allegations, and his appeal of the denial of intervention." As part of the agreement, petitioner agreed to "withdraw his petition for standing to intervene in this matter, and ... waive[d] any right to appeal or otherwise challenge any rulings related to him in these proceedings." The Commission approved the agreement and entered it as a consent order.

Subsequently, petitioner filed a Petition for an Adjudicatory Hearing and, or in the Alternative, Request for Declaratory Judgment with the Commission, pursuant to Dep't of Revenue Regs. 47.1–208, –601, 1 Code Colo. Regs. 207–1. In the petition he alleged that the Division "had either formally restricted one or more Colorado gaming licensees from associating with him, or suggested that associating with him might adversely affect ... future licensing decisions." Petitioner also alleged that the Division improperly continued to supply other jurisdictions with adverse information regarding his suitability. Petitioner alleged that the Division breached the agreement and that its "de facto" finding that he was unsuitable was contrary to the holding in *In re Aristocrat, Inc.,* 973 P.2d 727 (Colo.App.1999).

The Commission, without a hearing, dismissed the petition for failure to state a claim upon which relief could be granted under Dep't of Revenue Regs. 47.1–601, –602. As a basis for its dismissal, the Commission found that the agreement related to the matter of Aristocrat's license application, which had been concluded, and that issues pertaining to petitioner's "suitability or to the status of licenses or application for licenses are beyond the scope of the Aristocrat proceedings from which the ... agreement arose." This appeal followed.

## I.

The Commission is charged with establishing procedures to determine the suitability or unsuitability of persons, acts, or practices. Section 12–47.1–302(2)(m), C.R.S.2001. Suitability, in relation to a person, is the ability to be licensed by the Commission. Section 12–47.1–103(29), C.R.S.2001. In contrast, unsuitability means the inability to be licensed by the Commission because of prior acts, associations, or financial conditions. Section 12–47.1–103(30), C.R.S.2001.

A person found unsuitable by the Commission may not directly or indirectly own any voting security of a licensee. Dep't of Revenue Reg. 47.1–509(6), 1 Code Colo. Regs. 207–1.

Our review is limited by the standard set forth in § 24–4–106(7), C.R.S.2001, which requires that the agency action be affirmed unless the court finds that the agency exceeded its constitutional or statutory authority, made an erroneous interpretation of law, acted in an arbitrary or capricious manner, or made a determination that is unsupported by the evidence in the record. *Wildwood Child & Adult Care Program, Inc. v. Colorado Dep't of Public Health & Environment,* 985 P.2d 654 (Colo.App.1999).

■ "In sum, the courts may not overturn agency actions unless such actions are arbitrary, capricious, legally impermissible, or an abuse of discretion." *Colorado Real Estate Comm'n v. Hanegan,* 947 P.2d 933, 935 (Colo.1997).

## II.

■ Initially, we address the Division's assertion that petitioner has no standing to seek a declaratory order. We disagree.

■ The Commission, in its discretion, chose to treat the petition as a request for a declaratory order. *See* Dep't of Revenue Reg. 47.1–208. The primary purpose of a declaratory judgment is to provide a remedy, in cases of actual controversy, "for determining issues and adjudicating the legal rights, duties, or status of the respective parties, before controversies with regard thereto lead

to the repudiation of obligations, the invasion of rights, and the commission of wrongs." *American Family Mutual Insurance Co. v. Bowser*, 779 P.2d 1376, 1380 (Colo.App.1989)(quoting *People ex rel. Inter-Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273 (1956)). "It provides an early relief from uncertainty as to the future obligations for one who would normally be a defendant and who otherwise would not have his questions adjudicated until his adversary takes the initiative." *American Family Mutual Insurance Co. v. Bowser*, supra, 779 P.2d at 1380.

■ To have standing to bring a declaratory judgment action, a petitioner must assert a legal basis on which a claim for relief can be grounded and must allege an injury in fact to a legally protected or cognizable interest. *Farmers Insurance Exchange v. District Court*, 862 P.2d 944 (Colo.1993).

Here, petitioner alleged that as a result of informal actions by the Division, implemented without notice to him or a hearing for his benefit, he was injured by the loss of business. We conclude that this allegation is sufficient to provide him with standing to seek declaratory relief.

### III.

■ The Division also asserts that the petition failed to challenge timely a specific appealable agency action. We again disagree.

The petition alleged that after the parties entered into the agreement, petitioner's attorneys met with the Division's director, counsel, and others. The petition also alleged that at that meeting, petitioner was informed that the Division was advising its licensees that associating with him might adversely affect their ability to retain their Colorado gaming licenses and, furthermore, that the Division would continue to so advise its licensees in the future.

The Division now asserts that this "courtesy meeting" resulted in no agency action, in that the Division's director did not make a formal determination upon which the petition could be based. In support of its argument, the Division refers us to *Moore v. District Court*, 184 Colo. 63, 518 P.2d 948 (1974). In that case, a pharmacy chain informed the state pharmacy board of its intention to advertise drug prices. In response, the board passed a resolution indicating that it intended to enforce its rules prohibiting such advertising if the pharmacy went ahead with its plan. The *Moore* court specifically found that the pharmacy board had not instituted any administrative action attempting to restrain the pharmacy from carrying out its advertising program, that the pharmacy's intention to advertise was prospective only, and that the board's announcement "was advisory only as a statement of its intention to enforce its rules." *Moore v. District Court*, supra, 184 Colo. at 68, 518 P.2d at 951.

We find the instant case to be distinguishable. Here, the action complained of was a "de facto" determination of petitioner's suitability. This determination was questioned by petitioner at the meeting with the Division, and the Division allegedly confirmed that it already had advised its licensees that associating with petitioner might jeopardize their gaming licenses, and also that it would continue to do so in the future.

■ We conclude that, under the circumstances presented here, the Division's alleged refusal to discontinue advising its licensees that associating with the petitioner might adversely affect their ability to maintain their licenses is an appealable agency action. Additionally, because the petition was filed within thirty days of the date of the meeting, we also conclude that it was timely filed pursuant to § 24–4–106(4), C.R.S.2001, and Dep't of Revenue Reg. 47.1–208.

Finally, we note that the Division argues that petitioner now refers to a letter that was not part of the record on appeal. We have not considered that letter in our determination. *See Loomis v. Seely*, 677 P.2d 400 (Colo.App.1983).

### IV.

■ Petitioner's first claim for relief asserted that the Division breached its agreement not to make any determination as to his suitability or association with the gaming industry. Petitioner asserted that the Division

took actions that amounted to a "de facto" determination of unsuitability, and he argues that it thus breached its agreement. We agree with the Commission's ruling that this contractual claim failed to state a claim upon which relief can be granted.

▮ A petition should not be dismissed for failure to state a claim upon which relief can be granted if the allegations contained in the petition provide for relief on any possible theory. *Dunlap v. Colorado Springs Cablevision, Inc.*, 829 P.2d 1286 (Colo.1992).

The record reveals that the agreement pertains only to the Aristocrat matter. The agreement provides that petitioner may not seek a determination of his suitability for association with Aristocrat, but it does not address petitioner's suitability as to other Colorado licensees. In fact, the agreement further provides that it should not be construed as an admission of suitability findings. As such, the agreement only relates to petitioner's association with Aristocrat in Aristocrat's application for license.

Thus, we conclude that the Commission properly ruled that petitioner's allegation of a "de facto" unsuitability determination was not within the scope of the agreement and, as such, that petitioner's breach of contract claim did not state a claim upon which relief could be granted.

## V.

▮ Petitioner's second claim for relief asserted that the Division's "de facto" determination of unsuitability was contrary to the ruling of *In re Aristocrat, Inc., supra.* Specifically, petitioner alleged that the Division's efforts to restrict his association with other Colorado licensees amounted to conditions not contained in the agreement. We remand for an adjudicatory hearing on this claim.

In *In re Aristocrat, Inc., supra*, petitioner's son, as an intervenor, challenged Aristocrat's agreement with the Division. Specifically, the son argued that the terms of the Aristocrat agreement amounted to a "de facto" determination of his own unsuitability, for which he was never given an opportunity to be heard. A panel of this court agreed and ruled that the son's agreement with the Divi-

sion, when read together with Aristocrat's agreement with the Division, resulted in conflicting terms as to the son's suitability. Thus, both agreements, in the form of consent orders, were set aside as to the son.

The Division contends that *In re Aristocrat, Inc., supra*, is not applicable because, in that case, the son's agreement provided that he was suitable for association with Aristocrat. Here, petitioner's agreement provided that he was not currently approved for association with Aristocrat. Moreover, petitioner was not granted intervenor status.

Regardless of the applicability of *In re Aristocrat, Inc., supra*, we conclude that the Commission erred in ruling that petitioner failed to state a claim upon which relief could be granted. Petitioner asserted that the Division was acting informally against him, resulting in a "de facto" determination of unsuitability, without notice and without giving him an opportunity to be heard on the matter. He specifically alleged that because of the Division's action, an Australian subsidiary of a Colorado licensee had severed its business relationship with him. Thus, he asserted that due process mandates that he be entitled to an adjudicatory hearing to contest the conditions allegedly imposed upon him by the Division without his consent.

Colorado Gaming Regulation 47.1–208 describes the procedure for contesting an action taken without a hearing and provides, as relevant here:

> A person aggrieved by an action of the Commission or the Director that was taken without a hearing may, within 30 days following the date of the action, petition the Commission for a hearing. The Commission may in its discretion, disallow the petition, determine that it be treated as one for a declaratory order, or it may grant a hearing to consider the matter alleged in the petition.

In this case, the Commission first ruled that it was treating petitioner's request as one for a declaratory order and then dismissed the petition without granting petitioner an opportunity for an adjudicatory hearing. We conclude that the Commission

abused its discretion in failing to grant a hearing.

Individual license or permit decisions involving adjudicative facts are subject to basic due process guarantees under the United States and Colorado Constitutions. Procedural due process requires adequate advance notice and an opportunity to be heard prior to state action resulting in deprivation of a significant property interest. U.S. Const. amend. XIV; Colo. Const. art. 11, § 25; § 24–4–105, C.R.S.2001; *City & County of Denver v. Eggert*, 647 P.2d 216 (Colo.1982).

■ Here, petitioner alleged that the Division made an informal determination as to his suitability to associate with Colorado licensees. He claimed that as a result, his business relationships had suffered. Thus, we conclude that due process requires that he be given an opportunity to be heard. Therefore, although generally the Commission is not required to hold an evidentiary hearing before ruling on a petition for a declaratory order, *see Purcell v. Colorado Division of Gaming*, 924 P.2d 1203 (Colo. App.1996); Dep't of Revenue Reg. 47.1–602, we conclude the Commission abused its discretion in failing to provide petitioner with an adjudicatory hearing under the facts alleged here to meet due process requirements.

## VI.

■ The Division also asserts that the Commission correctly dismissed the petition because petitioner improperly sought relief under the inapplicable agreement instead of taking the proper "regulatory path"—i.e., to be investigated as a person who wishes to associate with a Colorado licensee—to seek redress. *See, e.g.,* Dep't of Revenue Reg. 47.1–210(4), 1 Code Colo. Regs. 207–1.

We agree that the agreement does not govern petitioner's grievance in that it does not bar the Division from making a suitability determination of petitioner. However, we cannot conclude that petitioner is prohibited here from seeking review of his claim that the Division has informally deemed him unsuitable to associate with Colorado licensees without due process.

Thus, although we have determined that petitioner does not state a claim for relief under the agreement, we conclude that he has the right to an adjudicatory hearing on his claim of a "de facto" suitability determination.

The order is affirmed as to petitioner's first claim for relief and set aside as to the second claim for relief, and the case is remanded for further proceedings consistent with this opinion.

Judge METZGER and Judge TAUBMAN concur.